

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**SOO-YOUNG SHIN**
Labor and Employment Law Division
phone: (212) 356-2434
fax: (212) 356-2438
email: soshin@law.nyc.gov

October 17, 2022

**Via ECF and Email** (ALCarterNYSDChambers@nysd.uscourts.gov)
Honorable Andrew L. Carter
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

      Re:  *Dowdy et al. v. City of New York, New York City Department of Sanitation*
            22 Civ. 06284 (ALC)
            Defendants' Request for a Pre-Motion Conference

Dear Judge Carter:

      I am an Assistant Corporation Counsel in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, assigned to represent Defendants City of New York and the New York City Department of Sanitation ("DSNY") (collectively "Defendants") in the above-referenced matter. Plaintiffs, thirteen non-white men and women employed by the City of New York with DSNY as Sanitation Enforcement Agents ("SEAs") or Associate Sanitation Enforcement Agents ("ASEAs"), bring this putative class action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII); the Equal Pay Act of 1963 ("EPA"), New York State Human Rights Law ("SHRL"), the New York City Human Rights Law ("CHRL"), and the New York State Equal Pay Law ("NYSEPL"). Specifically, Plaintiffs allege that Defendants discriminated against them by compensating them less than DSNY Sanitation Workers ("SWs") who are assigned to perform duties as Sanitation Police Officers ("SPOs"). Plaintiffs allege that their work as SEAs and ASEAs requires equal skill, effort, and responsibility under analogous working conditions as SPOs but is paid a lower compensation and given less favorable contract benefits. They further allege that, as compared to SPOs, SEAs and ASEAs are disproportionately non-white or women and therefore the alleged disparities between the two titles have a disparate impact on women and minorities. In accordance with Your Honor's Individual Rules, Defendants write to respectfully request a pre-motion conference in advance of filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).

      First, Plaintiffs lack standing to bring a disparate impact claim on behalf of either themselves or a putative class. To determine whether a plaintiff has an injury-in-fact for standing purposes in a Title VII disparate impact case, a plaintiff "need not allege that he would have obtained the benefit but for the barrier, but simply that the barrier prevented him from

competing on an equal footing." *See Houser v. Pritzker*, 28 F. Supp. 3d 222, 237 (S.D.N.Y. 2014). Here, Plaintiffs do not plead that they ever attempted and were denied the opportunity to become an SPO. Likewise, Plaintiffs do not plead with any factual specificity that the qualifications for becoming an SPO (which require, at minimum, appointment as an SW) created a barrier that prevented them from competing for SPO positions. *See id.* As such, they have failed to demonstrate an injury-in-fact sufficient to confer statutory standing under Title VII, the SHRL, or the CHRL.

Second, Plaintiffs fail to state a disparate impact claim under Title VII, the SHRL, or the CHRL. "To state a claim for disparate impact under Title VII, plaintiffs must "(1) identify a specific employment practice or policy; (2) demonstrate that a disparity exists; and (3) establish a causal relationship between the two." *Syeed v. Bloomberg L.P.*, No. 1:20-cv-7464-GHW, 2022 U.S. Dist. LEXIS 147563, at *25-26 (S.D.N.Y. Aug. 17, 2022). At the pleading stage, Plaintiffs must allege sufficient factual allegations to plausibly support these three elements of their claim. *See id.* Although the SHRL and CHRL consider these three factors, claims under these statutes are construed more liberally than under Title VII; nevertheless, Plaintiffs are still required to plead the requisite causal nexus. *See id.*

The Complaint does not clearly articulate the specific employment policy to which Plaintiffs attribute a disparate impact, but does allege that SPOs work under the civil service title "Sanitation Worker," *see* Compl., ECF Dkt. No. 1, n.1, and that the qualifications of an SW include taking the relevant civil service exam, having and maintaining a CDL, and meeting certain physical requirements. *See id.* ¶ 54. However, Plaintiffs fail to plead that a disparity exists between the composition of the relevant labor market of the qualified population and those ultimately selected to become SWs and/or SPOs. *See Mandala v. NTT, Data, Inc.*, 975 F.3d 202, 210 (2d Cir. 2020). Rather, Plaintiffs merely plead, "upon information and belief," that there are twice as many Black and female SEAs as there are SPOs. Such a conclusory allegation has little probative value and is inadequate to state a disparate impact claim. *See id.*; *Trezza v. Hartford, Inc.*, 98 Civ. 2205 (MBM), 1998 U.S. Dist. LEXIS 20206, at *23 (S.D.N.Y. Dec. 28, 1998) ("Evidence of a racial or sexual imbalance in the workforce alone—without proof that such imbalance is the result of discrimination—is insufficient to establish a prima facie case of discrimination."). Further, the group limited to SEAs and ASEAs employed with DSNY is not the relevant labor market for determining whether a facially neutral DSNY policy regarding the selection of candidates for SPO positions has a disparate impact on women and minorities. *See, e.g., Mandala*, 975 F.3d at 211-212.

Moreover, even accepting as true, for the purposes of a motion to dismiss only, that twice as many SEAs are Black and female as SPOs, Plaintiffs have failed to allege any facts connecting such a disparity to the minimum qualifications of becoming a Sanitation Worker and, by extension, an SPO. There are simply no allegations to support a claim that passing the civil service test, obtaining a CDL, and/or meeting certain physical requirements puts non-white or female applicants at a disadvantage. *See Malone v. New York Pressman's Union No. 2*, No. 07-CIV-9583 (LTS)(GWG), 2011 U.S. Dist. LEXIS 58247, at *22 (S.D.N.Y. May 31, 2022) ("No facts are plead that demonstrate that the complained-of, facially neutral policies affect minority and female Juniors and Casuals more harshly than they affect white Juniors and Casuals.").

Finally, Plaintiffs fail to state a claim under the EPA or the NYSEPL. As a preliminary matter, NY Labor Law § 194 does not apply to governmental entities. *See Eng v. City of N.Y.*, 2017 U.S. Dist. LEXIS 49520, at *6 (S.D.N.Y. Mar. 29, 2017), *aff'd*, 715 Fed. Appx. 49 (2d Cir. 2017); N.Y. Labor Law § 190(3). To establish a violation of the EPA, a plaintiff must first come forward with a prima facie case that "(1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort and responsibility; and (3) the jobs are performed under similar working conditions." *See E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254–55 (2d Cir. 2014).

At the pleading stage, "a plausible EPA claim must include sufficient factual matter, accepted as true to permit the reasonable inference that the relevant employees' job content was substantially equal." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247 at 256 (internal quotation marks omitted). The standard is "demanding," and requires that a plaintiff "establish that the jobs compared entail common duties or content, and do not simply overlap in titles or classifications." *Id.* at 255. "[B]road generalizations drawn from job titles, classifications, or divisions, and conclusory assertions of sex discrimination, cannot suffice." *Id*. at 256. Plaintiffs thus fail to allege sufficient facts to show that SPOs and SEAs/ASEAs perform similar work under similar working conditions. Instead, Plaintiffs allege the jobs duties and responsibilities of SEAs and ASEAs only, *see* Compl. ¶¶ 30-39, and plead generally that they "perform work requiring equal skill, effort, and responsibility under similar working conditions as Sanitation Police." *See id.* ¶¶ 40-41. This allegation is not sufficient to state a claim under the EPA.

Accordingly, Defendants now respectfully request a pre-motion conference for leave to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

                                              Respectfully submitted,
*/s/ Soo-Young Shin*
Soo-Young Shin
Assistant Corporation Counsel

Angela M. Wanslow
Assistant Corporation Counsel


cc:  **PHILIP SEELIG, ESQ.**
Seelig Law Offices, LLC
*Attorneys for Plaintiffs*
299 Broadway, Suite 1600
New York, New York 10007
(212) 766-0600
phil@pseeliglaw.com

**STEVEN MOSER, ESQ.**
*Attorney for Plaintiffs*
5 East Main Street
Huntington, NY 11743
(5516) 671-1150
steven.moser@moserlawfirm.com