

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

SOO-YOUNG SHIN
Labor and Employment Law Division
phone: (212) 356-2434
fax: (212) 356-2438
email: soshin@law.nyc.gov

December 8, 2022

**Via ECF and Email** (ALCarterNYSDChambers@nysd.uscourts.gov)
Honorable Andrew L. Carter
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

      Re:  Dowdy et al. v. City of New York, NYC Department of Sanitation
           22 Civ. 06284 (ALC)

Dear Judge Carter:

      I am an Assistant Corporation Counsel in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, assigned to represent Defendants City of New York and the New York City Department of Sanitation ("DSNY") (collectively "Defendants") in the above-referenced matter. In accordance with § 2.D.i of Your Honor's Individual Rules, Defendants write to inform the Court that Defendants still intend on filing a motion to dismiss in response to Plaintiffs' First Amended Complaint. Per Your Honor's prior order, ECF No. 13, Defendants also renew their request for a pre-motion conference. Defendants rely upon the prior filed Letter Motion for a Pre-Motion Conference. ECF No. 11.

      Plaintiffs, thirteen non-white men and women employed by the City of New York with DSNY as Sanitation Enforcement Agents ("SEAs") or Associate Sanitation Enforcement Agents ("ASEAs"), bring this putative class action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII); the Equal Pay Act of 1963 ("EPA"), New York State Human Rights Law ("SHRL"), the New York City Human Rights Law ("CHRL"), and the 42 U.S.C. § 1983. Plaintiffs had previously asserted a New York State Equal Pay Law ("NYSEPL") claim, which is no longer being pursued in the First Amended Complaint ("FAC"). ECF No. 14. Specifically, Plaintiffs allege that Defendants discriminated against them by compensating them less than DSNY Sanitation Workers ("SWs") who are assigned to perform duties as Sanitation Police Officers ("SPOs"). Plaintiffs allege that their work as SEAs and ASEAs requires equal skill, effort, and responsibility under analogous working conditions as SPOs but are paid a lower compensation and given less favorable contract benefits. They further allege that, as compared to SPOs, SEAs and ASEAs are disproportionately non-white or women and therefore the alleged disparities between the two titles have a disparate impact on women and minorities.

      Plaintiffs' FAC still suffers from the same deficiencies noted in the Defendants' Letter Motion for Pre-Motion Conference.  ECF No. 14, FAC.  Aside from withdrawing the NYSEPL claim, there is no substantial difference between the original Complaint and the FAC.  The FAC includes a few new paragraphs putting forth demographic statistics of SWs and SEAs.  <u>Compare</u> ECF No. 14, FAC, ¶¶ 40-47 <u>and</u> ECF No. 1, Complaint, ¶¶ 42-44.  The FAC inserts conclusory allegations and speculative language, but no factual support, regarding the allegation that the SW civil service exam creates an artificial barrier to becoming an SPO, and includes an example of one named Plaintiff who applied to become a SW, in the 1980s and 1990s, and passed the SW civil service examination but failed to obtain a CDL, and hence was not qualified to become a SW or SPO.  Doc. No. 14, FAC, ¶¶ 60-67.  Accordingly, Defendants now respectfully renew their request for a pre-motion conference and for leave to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  If the Court is inclined to order a briefing schedule in lieu of holding a pre-motion conference, the undersigned would respectfully request that the Defendants' motion to dismiss be due no earlier than February 10, 2023.  The undersigned will be out of the office for the majority of the time period between December 16, 2022 through January 6, 2023 and have other pending deadlines already scheduled in January 2023 which unfortunately will impact the undersigned's ability to draft the motion to dismiss in this matter.   Thank you for your consideration.

                Respectfully submitted,
                */s/ Soo-Young Shin*
                Soo-Young Shin
                Assistant Corporation Counsel

cc:    **PHILIP SEELIG, ESQ.**
       Seelig Law Offices, LLC
       *Attorneys for Plaintiffs*
       299 Broadway, Suite 1600
       New York, New York 10007
       (212) 766-0600
       phil@pseeliglaw.com

       **STEVEN MOSER, ESQ.**
       *Attorney for Plaintiffs*
       5 East Main Street
       Huntington, NY 11743
       (5516) 671-1150
       steven.moser@moserlawfirm.com