# SEELIG LAW OFFICES, LLC

| | | |
|---|---|---|
| PHILIP H. SEELIG<br>RICHARD B. SEELIG *<br>JOSHUA S. GOHARI **<br>———— <br><br>ASSOCIATE ATTORNEYS<br>BERET L. FLOM<br>KYLE D. MITCHELL<br>MATTHEW J. PORCARO *** | ATTORNEYS AT LAW<br>299 BROADWAY – SUITE 1600<br>NEW YORK, NEW YORK 10007<br>TEL: (212) 766-0600<br>FAX: (212) 766-2616 | TRIAL COUNSEL<br>MICHAEL BARASCH<br>————<br><br>OF COUNSELS<br>GAIL I. BADER<br>ADAM DRESSLER<br>VIN OCHANI |

\*    MEMBER NY & CT BAR
\*\*   MEMBER NY & NJ BAR
\*\*\* MEMBER NY, MA & DC BAR

December 13, 2022

**By ECF and Email**
ALCarterNYSDChambers@nysd.uscourts.gov

Honorable Andrew L. Carter
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

        **Re:**   *Dowdy et al. v. City of New York, New York City Department of Sanitation*
           22-cv-6284 (ALC)
           **Response to Request for Conference**

Dear Judge Carter:

Our firm represents Plaintiffs Dameka Dowdy, Jeffrey Hunter, Sean Milan, Joel Purser, Sandra Castro, Cecelia Rojas, Kevon Chisholm, Richard Ortega, Marisol Concepcion, Robert Tabon, Rasheen Odom, Carmelita Gordon-Fleetwood, and Raymond Pacheco in the above-referenced action. Plaintiffs are Sanitation Enforcement Agents ("SEAs") or Associate Sanitation Enforcement Agents ("ASEAs") (collectively "Enforcement Agents") employed by the New York City Department of Sanitation ("DSNY").

We write in opposition to the Defendants' pre-motion letters regarding their proposed motion to dismiss. We previously responded to Defendants' request for pre-motion conference on October 19, 2022. *See* ECF No. 12.

The New York City Department of Sanitation employs Enforcement Agents in the civil service title of SEA or ASEA. All of the Plaintiffs are Enforcement Agents. The Department also employs Sanitation Workers ("SW") in the civil service title of Sanitation Worker. Most Sanitation Workers perform collection by driving or riding in large commercial vehicles lifting and carrying bags, cans, or other items weighing up to 150 pounds several times an hour. Sanitation Workers performing collection duties are required to lift and carry items dozens of times per hour up to 100 to 150 pounds, and maintain a CDL. A subset of those employed in the civil service title of Sanitation Worker are permitted to work as "Sanitation Police Officers" ("SPO") but are still in the civil service title of Sanitation Worker. They perform the same responsibilities and functions as Enforcement Agents, which have nothing to do with the heavy lifting and carrying of a Sanitation Worker performing collection. The Sanitation Police Officers are compensated over twice as much as Enforcement Agents for the same work. It is impossible

**SEELIG LAW OFFICES, LLC**
December 13, 2022
Page 2 of 2

for Enforcement Agents to become Sanitation Police unless they can meet the totally unrelated physical, CDL, and civil service qualifications, to achieve the Sanitation Worker civil service title.

Defendants again claim that it is not clear what the artificial barrier is to becoming an SPO. But Defendants essentially demonstrated the existence of the barrier in their own letter. When Plaintiffs added the detail that one named Plaintiff applied to become an SW but could not qualify for the commercial driver's license ("CDL"), Defendants note: "hence [he] was not qualified to become a SW or SPO." But Defendants know that the SPOs do not use CDLs in the performance of their duties, only SWs do. In other words, it is only because of the artificial barrier that this plaintiff could not become an SPO. There is no other way to become an SPO other than to apply to be an SW, and many people do not wish to perform collection duties.

Plaintiffs amended their complaint to include additional facts and details specifically responding to the objections of the City. Demographic details were added, many of which rely upon statistical figures supplied by the Department of Sanitation to the City Council in publicly-available documents.

If the Court wishes to order a briefing schedule, we respectfully request that Your Honor allow thirty (30) days for Plaintiffs to respond to a motion to dismiss. Thank you for your consideration in this matter.

    Respectfully submitted,

    Seelig Law Offices, LLC
    By:

    */s/ Matthew Porcaro*
    Matthew J. Porcaro, Esq. (MP5944)
    299 Broadway, Suite 1600
    New York, NY 10007
    Matt@pseeliglaw.com
    212-766-0600

cc: Soo-Young Shin, Assistant Corporation Counsel, By ECF