22 Civ. 6284 (ALC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMEKA DOWDY, JEFFREY HUNTER, SEAN MILAN, JOEL PURSER, SANDRA CASTRO, CECELIA ROJAS, KEVON CHISHOLM, RICHARD ORTEGA, MARISOL CONCEPCION, ROBERT TABON, RASHEEN ODOM, CARMELITA GORDON-FLEETWOOD, and RAYMOND PACHECO,
On behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF SANITATION,

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-105/2-184*
*New York, N.Y.  10007*

*Of Counsel:  Soo-Young Shin,*
*Angela Wanslow*
*Tel:  (212) 356-2434/2441*
*Matter No.:  2022-044833*

Soo-Young Shin,
Angela Wanslow,
Bruce Rosenbaum,
  Of Counsel.

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    POINT I ............................................................................................................................. 2

        PLAINTIFFS APPLY WRONG AND
        OUTDATED STANDARD OF LAW WITH
        REGARDS TO PLEADINGS ................................................................................. 2

    POINT II ............................................................................................................................ 3

        PLAINTIFFS FAIL TO PLAUSIBLY PLEAD
        DISPARATE IMPACT CLAIMS WITH
        CIRCULAR ARGUMENTS ................................................................................... 3

        A.   Plaintiffs Have Not Suffered An Injury-in-Fact
             And Plaintiffs' Opposition Fails To Establish
             How Plaintiffs Have Standing ............................................................... 3

        B.   Plaintiffs Fail To State A Plausible Disparate
             Impact Claim Under Title VII, SHRL, Or The
             CHRL ..................................................................................................... 5

    POINT III ........................................................................................................................... 8

        PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE A
        CLAIM PURSUANT TO THE EQUAL PAY ACT ............................................... 8

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Angiulo v. County of Westchester,
  No. 11-7823 (CS), 2012 WL 5278523, 2012 U.S. Dist. LEXIS 153656
  (S.D.N.Y. Oct. 25, 2012) ...................................................................................................1

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ............................................................................................... *passim*

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ............................................................................................... *passim*

Brown v. Coach Stores,
  163 F.3d 706 (2d Cir. 1998) ............................................................................................5, 7

Chin v. Port Auth. of N.Y. & N.J.,
  685 F.3d 135 (2d Cir. 2012) ...............................................................................................7

Cocca-Rau v. Standard Ins. Co.,
  No. 19-cv-06149 (PMH), 2020 WL 4207442, 2020 U.S. Dist. LEXIS 131429
  (S.D.N.Y. July 22, 2020) ....................................................................................................6

Conley v. Gibson,
  355 U.S. 41 (1957) .............................................................................................................2

EEOC v. Port Auth. of N.Y. and N.J.,
  768 F.3d 247 (2d. Cir. 2014) ...........................................................................................6, 8

Eng v. City of N.Y.,
  No. 15 Civ. 1282 (DAB), 2017 U.S. Dist. LEXIS 49520 (S.D.N.Y. Mar. 29,
  2017), aff'd, 715 Fed. Appx. 49 (2d Cir. 2017) .................................................................9

Hayden v. County of Nassau,
  180 F.3d 42 (2d Cir. 1999) .................................................................................................4

Houser v. Pritzker,
  28 F. Supp. 3d 222 (S.D.N.Y. 2014) ..................................................................................4

Intl. Bhd. of Teamsters v. United States,
  431 U.S. 324 (1977) ...........................................................................................................4

Jenkins v. N.Y. City Tr. Auth.,
  646 F. Supp. 2d 464 (S.D.N.Y. 2009) ................................................................................6

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992)......................................................................................................3

Mandala v. NTT Data, Inc.,
    975 F.3d 202 (2d Cir. 2020)......................................................................................6, 7

Swierkiewicz v. Sorema N.A.,
    534 U.S. 506 (2002)......................................................................................................6

United Prob. Officers Ass'n v. City of N.Y.,
    No. 21 Civ. 0218 (RA), 2022 WL 875864, 2022 U.S. Dist. LEXIS 53606
    (S.D.N.Y. Mar. 24, 2022) ............................................................................................6

**Statutes**

42 U.S.C. § 1983................................................................................................................2

Equal Pay Act of 1963 ............................................................................................... *passim*

New York Criminal Procedure Law ..................................................................................9

iii

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DAMEKA DOWDY, et al.,

                            Plaintiffs,

                            No. 22 Civ. 6284 (ALC)

– against –

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF SANITATION,

                            Defendants.
------------------------------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

**PRELIMINARY STATEMENT**

Defendants the City of New York and the New York City Department of Sanitation ("Defendants") demonstrated in their opening memorandum of law that the First Amended Class Action Complaint ("FAC") fails to state any plausible claims. In opposition, Plaintiffs cite to pre-Twombly/Iqbal, outdated pleading standards to argue that the FAC "put Defendants on fair notice of the basis of Plaintiffs' claims," ECF Dkt. No. 22 at 11, and therefore the FAC should not be dismissed. Plaintiffs are wrong on the law of sufficiency of pleadings and the FAC does not meet the standards established by Twombly and Iqbal, and therefore must be dismissed. Plaintiffs also attempt to stave off dismissal of the FAC by repeatedly asserting that Defendants' motion is premature in advance of discovery. Not so. As this court has noted, "as Iqbal makes clear, a plausible claim must come *before* discovery, not the other way around." Angiulo v. County of Westchester, No. 11-7823 (CS), 2012 WL 5278523, 2012 U.S. Dist. LEXIS 153656, at *12, n.4 (S.D.N.Y. Oct. 25, 2012) (emphasis in original). Plaintiffs' opposition reaffirms that Plaintiffs

lack standing regarding the disparate impact claim and otherwise fail to state any plausible claims. Plaintiffs make circular arguments, relying on conclusory allegations, in a futile attempt to put forth a viable disparate impact and Equal Pay Act claims.[1] Plaintiffs utterly fail to state any plausible claims. Accordingly, the Court should grant Defendants' motion, and dismiss the FAC.

## ARGUMENT

### POINT I

**PLAINTIFFS APPLY WRONG AND OUTDATED STANDARD OF LAW WITH REGARDS TO PLEADINGS**

At the outset, throughout Plaintiff's opposition in arguing that their FAC is sufficient, Plaintiffs cite to outdated case law with regards to the legal standard controlling federal pleadings. See ECF Dkt. No. 22 at 1-2, 11-12. The notice plead standard upon which the Plaintiffs rely is the liberal pleading standards under Conley v. Gibson, 355 U.S. 41 (1957), which was abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Under the heightened plausibility pleading standard, to survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

---

[1] Plaintiffs have withdrawn their claims against the New York City Department of Sanitation and therefore the agency should be dismissed from this action. See ECF Dkt. No. 22 at 13. Plaintiffs have also withdrawn their cause of action alleging a municipal liability claim under 42 U.S.C. § 1983 and therefore this claim should be dismissed. See id.

a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). The factual allegations pled "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. Id. Plaintiffs' FAC fails to meet the heightened plausibility pleading standard and relies solely on legal conclusions and conclusory statements to allege their claims and must therefore be dismissed.

## POINT II

**PLAINTIFFS FAIL TO PLAUSIBLY PLEAD DISPARATE IMPACT CLAIMS WITH CIRCULAR ARGUMENTS**

**A.    Plaintiffs Have Not Suffered An Injury-in-Fact And Plaintiffs' Opposition Fails To Establish How Plaintiffs Have Standing**

Plaintiffs' opposition merely states that, because there was no way for Plaintiffs to become Sanitation Police Officers ("SPOs") without becoming a Sanitation Worker ("SW') first, and because Plaintiffs may not want to meet the physical and licensure requirements of becoming a SW or want to perform the job of a SW, "Plaintiffs adequately alleged that they have suffered an injury due to the artificial barrier" requiring applicants to first qualify as SWs prior to being considered for a SPO position. By Plaintiffs' logic, any member of the public who never had any intentions of applying for a SPO position let alone a SW position could then have standing to sue for their purported injuries of not being appointed as a SW. This defies common sense and flies in the face of Article III of the Constitution, the "irreducible constitutional minimum of standing," injury-in-fact, causation, and redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

While in a Title VII disparate impact case a plaintiff "need not allege that he would have obtained the benefit but for the barrier, but simply that the barrier prevented him from competing on an equal footing," contrary to the Plaintiffs conclusory assertions, this is not the case here. Houser v. Pritzker, 28 F. Supp. 3d 222, 237 (S.D.N.Y. 2014). Here, Plaintiffs do not allege that the barrier, the requirement that SPOs be selected SWs, prevented them from "competing on an equal footing" because the civil service exam and requirements to become a SW were themselves discriminatory against Plaintiffs who are minorities and females. Id. See also Hayden v. County of Nassau, 180 F.3d 42, 52 (2d Cir. 1999) (affirming dismissal of disparate impact claim because plaintiffs could not show that a facially neutral exam "fell more harshly" upon them and could not establish that they were injured or disadvantaged in some way). Nor is this a situation where Plaintiffs were barred or discouraged from applying to become a SW *because* they were minorities or females. Rather, Plaintiffs are alleging that they did not want to become SWs because they believed they could not meet the requirements and they simply did not want to perform the job of SWs.

The case cited by the Plaintiffs, Intl. Bhd. of Teamsters v. United States, does not lend itself to a different result; and actually has no bearing on the standing issue in this case. 431 U.S. 324, 365-366 (1977); see ECF Dkt. No. 22 at 5. The language quoted by Plaintiffs from Intl. Bhd. of Teamsters was not with regard to a discussion of whether the plaintiff bus drivers had standing to assert a disparate impact claim – the Court had already found that they did have standing – but rather what should be the appropriate remedial order, under § 706(g) of Title VII, after a violation of Title VII had been determined. 431 U.S. at 365-366 (1977). The quoted portion is in reference to a group of plaintiffs who had never applied to the actual job, but nonetheless, the Court found were entitled to remedial relief. Id.

4

Therefore, for the above reasons and the reasons asserted in Defendants initial moving memorandum of law, ECF Dkt. No. 21 at 7-9, Plaintiffs have failed to demonstrate an injury-in-fact sufficient to confer statutory standing to assert a disparate impact claim under Title VII, the SHRL, or the CHRL.

**B.     Plaintiffs Fail To State A Plausible Disparate Impact Claim Under Title VII, SHRL, Or The CHRL[2]**

Plaintiffs make circular arguments to try to establish a disparate impact claim. As previously explained, see ECF Dkt. No. 21 at 9-13, Plaintiffs have failed to plausibly allege that a specific employment practice or policy resulted in a disparate impact, let alone *caused* a disparate impact on the basis of race, color, religion, sex, or national origin. Also, as previously explained, Plaintiffs' allegations amount to no more than an alleged bottom-line racial and gender imbalance between the Sanitation Enforcement Agent and Associate Sanitation Enforcement Agent (collectively referred to as "SEAs") workforce and the SPO workforce. However such allegations of work force imbalance are insufficient to withstand a motion to dismiss. See Brown v. Coach Stores, 163 F.3d 706, 712 (2d Cir. 1998).

Relying upon outdated notice pleading case law, Plaintiffs erroneously claim that the Defendants are setting the pleading standard higher than "notice pleading requires," and are making arguments which would be more appropriate after discovery. See ECF Dkt. No. 22 at 7-

---

[2] Plaintiffs take issue with Defendants' reference to the Notice of Examination for SW, Exhibit A, in noting that SEAs are given preference for their experience if they take the SW exam. See ECF Dkt. No. 22 at 6-7. However, the reference was in direct response to Plaintiffs' allegation in their complaint that the requirement that an Enforcement Agent become a Sanitation Worker before being eligible to be a Sanitation Police "dissuaded and discouraged" Enforcement Agents from seeking the Sanitation Police position. See ECF Dkt. No. 14, FAC, ¶ 64. Defendants did not intend to mislead the Court as to when the preferential credit was first given to SEAs. In any event, Defendants do not rely upon reference to this preferential credit to support their disparate impact claim and equal pay act claim arguments.

8. The Plaintiffs further argue that statistical support for a disparate impact claim is not required prior to discovery, citing to Jenkins v. N.Y. City Tr. Auth., 646 F. Supp. 2d 464, 469 (S.D.N.Y. 2009) (citing to Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), a pre-Twombly/Iqbal decision upon which continued reliance of its holding has become uncertain[3]).  In Jenkins, the court held that the plaintiff's complaint plausibly pleaded sufficient facts to make a disparate impact claim without the need to rely upon statistics.  646 F. Supp. 2d at 470.  In contrast, Plaintiffs in this action, make no such plausible showing.

Contrary to Plaintiffs' suggestion that their pleading burden at the motion to dismiss stage is minimal, the Second Circuit has squarely addressed the pleading standards for a disparate impact case in light of the heightened plausibility pleading standard in the case of Mandala v. NTT Data, Inc. and established that a plaintiff, at the motion to dismiss stage, "must at least set forth enough factual allegations to plausibly support each of the three basic elements of a disparate impact claim." 975 F.3d 202, 209 (2d Cir. 2020); see also United Prob. Officers Ass'n v. City of N.Y., No. 21 Civ. 0218 (RA), 2022 WL 875864, 2022 U.S. Dist. LEXIS 53606, at *17 (S.D.N.Y. Mar. 24, 2022) (this burden is somewhat greater than the "minimal support" burden in disparate treatment claims) (citing Mandala, 975 F.3d at 209 n.3).  With regards to the role of statistics, the Mandala court held that the analysis "must [demonstrate] that the disparity is substantial or significant, and must be of a kind and degree sufficient to reveal a causal relationship between the

---

[3] The Second Circuit has clarified that the holding of Swierkiewicz has continuing viability, however as modified by Twombly and Iqbal.  As such, discrimination complaints "must at a minimum assert nonconclusory factual matter sufficient to 'nudge[] [its] claims…across the line from conceivable to plausible' to proceed." EEOC v. Port Auth. of N.Y. and N.J., 768 F.3d 247, 254 (2d. Cir. 2014) (citing Iqbal, 556 U.S. at 680).  See also Cocca-Rau v. Standard Ins. Co., No. 19-cv-06149 (PMH), 2020 WL 4207442, 2020 U.S. Dist. LEXIS 131429, at *10 (S.D.N.Y. July 22, 2020) (discussing the change to plausibility pleading standards and its impact on requirements for Title VII discrimination pleadings).

challenged practice and the disparity." 975 F.3d at 209 (quoting Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 151 (2d Cir. 2012)). The court further held that while the standard was relaxed at the pleadings stage, "still the statistics must plausibly suggest that the challenged practice actually has a disparate impact…This means that the statistical analysis must, at the very least, focus on the disparity *between appropriate comparator groups*. In other words, the statistical analysis must reveal disparities *between populations that are relevant* to the claim the plaintiff seeks to prove." Id. (internal citations omitted) (emphasis added). The law is clear that plaintiffs may not "rely on conclusory statistical inferences to force their way into discovery." Id. at 212.

Plaintiffs acknowledge that in order to establish a *prima facie* case of disparate impact, they must "(1) identify a specific employment practice or policy; (2) demonstrate that a disparity exists; and (3) establish a causal relationship between the two. Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 151 (2d Cir. 2012). Here, Plaintiffs have failed to plausibly allege with non-conclusory allegations that the practice of selecting SPOs from a pool of SWs causes a disparate impact to women and minorities. Plaintiffs' allegations amount to no more than an alleged bottom-line racial and gender imbalance between the SEA workforce and the SPO workforce. See ECF Dkt. No. 22 at 8-9 (arguing merely that there is a disparity in the gender and race makeup of SEAs as compared to SPOs). However such allegations of work force imbalance are insufficient. See Brown, 163 F.3d at 712. Plaintiffs further erroneously argue in conclusory fashion that a causal relationship between the practice and the alleged disparate impact is met because, by selecting SPOs solely from the pool of Sanitation Workers, which have a lower percentage of females than the pool of Enforcement Agents, "it is only logical" that it will "cause Sanitation Police to have fewer women." ECF Dkt. No. 22 at 9. Plaintiffs' argument is misplaced because of their reliance on the wrong relevant pool of qualified applicants. Plaintiffs do not allege

7

that the selection from the SW applicant pool has a disparate impact on either women or minorities as previously explained *supra* at Point II.A.. See also ECF Dkt. No. 21 at 12-13. Moreover, as previously explained, courts will routinely dismiss disparate impact claims where plaintiffs fail to adequately allege a causal connection between any facially neutral policy and the alleged disparity. See ECF Dkt. No. 21 at 10-13. The demographics of the pools of SWs, SPOs, and SEAs, and comparisons among those demographics, do not establish in any way that the practice of selecting SPOs from a pool of SWs *causes* any disparity.

## POINT III

### PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE A CLAIM PURSUANT TO THE EQUAL PAY ACT

Plaintiffs again rely on outdated notice pleadings standards and cases which pre-date Twombly and Iqbal to claim that Plaintiffs have satisfied the pleading standards as to their Equal Pay Act ("EPA") claim. See ECF Dkt. No. 22 at 11-12. Plaintiffs do not oppose Defendants' arguments as to the EPA claim by pointing to any factual allegations in their complaint, but simply argue that discovery is needed in order to compare the actual job content for SPOs and Plaintiffs and submit that this is an issue for summary judgment or trial. See id. at 10-13. Plaintiffs are incorrect.

In order to survive a motion to dismiss, "a plausible EPA claim must include 'sufficient factual matter, accepted as true' to permit 'the reasonable inference' that the relevant employees' job *content* was 'substantially equal.'" EEOC v. Port Auth. of N.Y. and N.J., 768 F.3d 247, 256 (2d. Cir. 2014) (quoting Iqbal, 556 U.S. at 678). Port Auth. of N.Y. and N.J. itself was a decision on a motion to dismiss, as are all of the cases that Defendants cited to regarding the EPA claim in their opening brief. Plaintiffs' EPA claim fails because they have not asserted anything more than conclusory allegations of wage discrimination and have significantly failed to allege

8

that the male employees performed a substantially equivalent job duty.  See Eng v. City of N.Y., No. 15 Civ. 1282 (DAB), 2017 U.S. Dist. LEXIS 49520, *9 (S.D.N.Y. Mar. 29, 2017), aff'd, 715 Fed. Appx. 49 (2d Cir. 2017) (dismissing EPA claim where plaintiff "provides no factual allegations that would allow the Court to compare her job duties, skill and experience with those of the comparators.").  Nowhere do female Plaintiffs allege any non-conclusory **facts** suggesting their position, experience, skills, and responsibilities were substantially equal to those of male SPOs.  Moreover, the allegations regarding disparate pay is not even confined to female Sanitation Enforcement Agent Plaintiffs as compared to male Sanitation Police Officers, rather the FAC broadly alleges a compensation disparity between all Sanitation Enforcement Agents and Sanitation Police Officers.  See ECF Dkt. No. 14, FAC, ¶¶ 48-52.  Plaintiffs are simply utilizing the EPA claim as another method to attack the policy of selecting SPOs from a pool of SWs, and Plaintiffs have made no effort to provide any specifics as it pertains to female SEAs versus male SPOs, nor have the Plaintiffs acknowledged that this claim would be limited to female SEAs.  See ECF Dkt. No. 22 at 13 ("Plaintiffs have stated a plausible claim pursuant to the Equal Pay Act of 1963 that Sanitation Police Officers and Sanitation Enforcement perform substantially equal work (a fact intensive inquiry) and are not equally paid.").  This alone is grounds for dismissal.

       The allegations that SPOs are selected and appointed solely from a qualified pool of SWs, who therefore have experience and skills that the Plaintiffs do not have, and facts that this Court may take judicial notice of, such as the New York Criminal Procedure Law as well as Notice of Examinations, actually support the factual and logical inference that the Plaintiffs do not perform equal work requiring equal skill, effort, and responsibility and perform jobs under similar working conditions as Sanitation Police Officers.  See ECF Dkt. No. 21 at Point IV.  Therefore, Plaintiffs' EPA claim must be dismissed.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in their initial moving motion papers, Defendants respectfully request that this Court grant this motion and dismiss the First Amended Class Action Complaint in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper. Defendants further request that the Court does not allow Plaintiffs a second opportunity to amend their complaint, as Plaintiffs opted to proceed with the FAC in light of Defendants' pre-motion letter indicating Defendants' intentions to move to dismiss, rather than amending their complaint a second time as they could have sought to do. Nor have the Plaintiffs requested an opportunity to further amend their complaint in their opposition to the Defendants' motion to dismiss.

Dated:   New York, New York
         March 30, 2023

                                **HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-105/2-184
New York, New York 10007
(212) 356-2434/(212) 356-2441
soshin@law.nyc.gov/awanslow@law.nyc.gov

By:  */s/ Soo-Young Shin*
     Soo-Young Shin
     Assistant Corporation Counsel

By:  */s/ Angela Wanslow*
     Angela Wanslow
     Assistant Corporation Counsel

Bruce Rosenbaum,
Soo-Young Shin,
Angela Wanslow,
  Of Counsel.