**SEELIG LAW OFFICES, LLC**

| | | |
|---|---|---|
| PHILIP H. SEELIG | ATTORNEYS AT LAW | ASSOCIATE ATTORNEYS |
| RICHARD B. SEELIG * | 299 BROADWAY – SUITE 1600 | BERET L. FLOM |
| JOSHUA S. GOHARI ** | NEW YORK, NEW YORK 10007 | MATTHEW J. PORCARO *** |
| | TEL: (212) 766-0600 | |
| | FAX: (212) 766-2616 | |

\* MEMBER NY & CT BAR
\*\* MEMBER NY & NJ BAR
\*\*\* MEMBER NY & MA BAR

September 13, 2023

**By ECF and Email**
ALCarterNYSDChambers@nysd.uscourts.gov

Honorable Andrew L. Carter
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

        Re: *Dowdy et al. v. City of New York, et al.*
           22-cv-6284 (ALC)

Dear Judge Carter:

Our firm represents the Plaintiffs in the above-referenced action, who are Sanitation Enforcement Agents or Associate Sanitation Enforcement Agents (collectively, "Enforcement Agents") employed by the New York City Department of Sanitation.

We write in response to the City's late submission filed without leave of Court, more than five months after the pending motion to dismiss was fully briefed. *See* ECF Doc No. 26. The City offers the arbitration recommendation as "helpful background information" for the Court to consider regarding the sufficiency of "Plaintiff's allegations."

The arbitration recommendation is not appropriate for the Court to consider at this time. The arbitration panel did not consider any claims of discrimination, and the union for the Enforcement Agents dissented from the recommendation. Moreover, to the extent that the arbitration panel failed to correct the significant pay disparity between the Enforcement Agents and the Sanitation Police Officers, the damages resulting from the City's discriminatory practices continue to accrue.

Furthermore, the submission should be disregarded in its entirety for two reasons. First, it is well settled that the Court may not look to evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Kramer v. Time Warner, Inc.,* 937 F.2d 767 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."). Second, the City's submission is not properly before the Court. *See In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 499 (S.D.N.Y. 2022) (declining to consider additional exhibits improperly submitted late without court permission) (collecting cases).

**SEELIG LAW OFFICES, LLC**
September 13, 2023
Re: *Dowdy et al. v. City of New York*

Thank you for your consideration in this matter.

                                              Respectfully submitted,

                                              Seelig Law Offices, LLC
                                              By:

                                                */s/ Matthew J. Porcaro*
                                              Matthew J. Porcaro, Esq.
                                              299 Broadway, Suite 1600
                                              New York, NY 10007
                                              Matt@pseeliglaw.com
                                              212-766-0600

cc: NYC Law Department, By ECF