SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

In the Matter of the Application of

LAW ENFORCEMENT EMPLOYEES
BENEVOLENT ASSOCIATION ("LEEBA"), SEAN
MILAN, JOEL PURSER

          Petitioners,

  -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF SANITATION, NEW YORK CITY
CIVIL SERVICE COMMISSION, NEW YORK CITY
DEPARTMENT OF CITYWIDE ADMINISTRATIVE
SERVICES,

          Respondents.

Index No. _____

**NOTICE OF PETITION**

-----------------------------------------------------------------X

  PLEASE TAKE NOTICE that upon the annexed verified petition of Petitioners, Law Enforcement Employees Benevolent Association ("LEEBA"), duly verified on the 5th of April, 2023, and the exhibits annexed thereto, an application will be made to this court on May 17, 2023 or as soon thereafter as counsel may be heard, for a Judgment granting relief under Article 78 of the CPLR as follows:

 Enjoining Respondent City of New York (hereinafter "City") and its agents, officers, officials, counsel, and employees from:

  a) Appointing Sanitation Police Officers in violation of the Civil Service Law

  b) For such other, further and different relief as this Court may deem just and proper.

INDEX NO. 153154/2023
NYSCEF DOC. NO. 2    Case 1:22-cv-06284-ALC-SDA   Document 148-5   Filed 03/22/24   Page 2 of 10   RECEIVED NYSCEF: 04/05/2023

2

PLEASE TAKE FURTHER NOTICE that, pursuant to CPLR 7804(c) [and (e)], any answer and supporting affidavits shall be served on the undersigned attorney for Petitioner no later than five days before May 17, 2023.

Dated:    New York, New York
April 5, 2023

Respectfully submitted,

*Raoul Zaltzberg*
**Raoul Zaltzberg, Esq.**
Zaltzberg Law
14 Wall Street, 20th Floor
New York, NY 10005
212.609.1344
*Attorney for LEEBA*

TO:

New York City Law Department
Sabrina T. Smith
Assistant Corporation Counsel
Labor & Employment Law Division
100 Church Street, Room 2-109f
New York, NY 10007
P: (212) 356-1181

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

In the Matter of the Application of

LAW ENFORCEMENT EMPLOYEES
BENEVOLENT ASSOCIATION ("LEEBA"), SEAN
MILAN, JOEL PURSER

                              Petitioner,

    -against-

Index No. _____

[Hon. _____]

**VERIFIED PETITION WITH APPLICATION FOR TEMPORARY RESTRAINING ORDER**

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF SANITATION, NEW YORK CITY
CIVIL SERVICE COMMISSION, NEW YORK CITY
DEPARTMENT OF CITYWIDE ADMINISTRATIVE
SERVICES,

                              Respondents.

-------------------------------------------------------------------X

The Verified Petition of the Law Enforcement Employees Benevolent Association (LEEBA), SEAN MILAN, and JOEL PURSER by its/their attorney, respectfully shows the following:

## NATURE OF PROCEEDING

1. This is a proceeding made pursuant to CPLR Article 78, seeking *inter alia* to enforce Petitioner's rights under the Civil Service Law.

## NO PRIOR APPLICATION FOR RELIEF

2. No previous application has been made to any Court or Judge for the relief requested herein.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendants pursuant to CPLR § 301

1

because the Defendants are a New York Municipality and its mayoral agency duly organized and existing pursuant to and by virtue of the laws of the State of New York.

4. Venue in New York County is proper pursuant to CPLR § 509 because Plaintiff has designated New York County as the place for trial.

## PARTIES

5. Petitioner Law Enforcement Employees Benevolent Association is a labor organization representing various law enforcement bargaining units, with a primary office at 80 Broad Street, Suite 512, New York, New York 10004.

6. Petitioner Sean Milan is a LEEBA Delegate employed by The New York City Department of Sanitation under the civil service title of Associate Sanitation Enforcement Agent, residing in the State of New York.

7. Petitioner Joel Purser is a LEEBA Delegate employed by The New York City Department of Sanitation under the civil service title of Associate Sanitation Enforcement Agent, residing in the State of New York.

8. Respondent, CITY OF NEW YORK (hereinafter referred to as "CITY"), is a municipal corporation duly organized and existing pursuant to and by virtue of the laws of the State of New York.

9. Respondent, NEW YORK CITY DEPARTMENT OF SANITATION, was and still is a department (mayoral agency) within the defendant, CITY, with headquarters at 125 Worth Street, New York, NY 10007, County of New York.

10. Respondent New York City Department of Citywide Administrative Services ("DCAS") is a mayoral agency which administers competitive examinations.

## STATEMENT OF FACTS

### Sanitation Enforcement Agent Background

11. The New York City Department of Sanitation employs Enforcement Agents in the civil service title of Sanitation Enforcement Agent ("SEA") or Associate Sanitation Enforcement Agent ("ASEA") to issue summonses, investigate complaints, testify in court, effect arrests, and enforce regulations.

12. SEAs and ASEAs are members of LEEBA.

13. In 2005, the New York City Council conferred "uniform" status on SEAs and ASEAs, along with other groups, after a legislative finding that employees of these various departments have "certain job characteristics similar to those employees working in the City's uniformed services, such as police, fire, sanitation and correction services." Local Law 56/2005, Note 2. The New York City Council also recognized that the "uniformed services have unique bargaining rights under the New York City Collective Bargaining Law." *Id.* The statute now declares that, "employees of the uniformed sanitation service shall also include persons employed at any level of position or service by the sanitation department of the city of New York as sanitation enforcement agents and supervisors of sanitation enforcement agents." N.Y.C. Admin. Code § 12-307(a)(4)(iii).

14. The City Council specifically decreed that the sanitation enforcement agents and their supervisors along with the other groups mentioned in Local Law 56 "should be afforded the same unique bargaining rights as those afforded to individuals working in such [uniformed] services." Local Law 56/2005, Note 2. In addition, Local Law 56 created a new third middle level of bargaining that did not exist before – "similar-to-uniformed level of bargaining."

### Sanitation Workers Illegally Working Out of Title as "Sanitation Police" and Improperly Duplicating the Duties of the proper Civil Service Title of Sanitation

3

### Enforcement Agent

15. The Department also employs Sanitation Workers in the civil service title of Sanitation Workers, who are all members of Teamsters Local 831.

16. Most Sanitation Workers perform collection by driving or riding in large commercial vehicles lifting and carrying bags, cans, or other items weighing up to 150 pounds several times an hour. Sanitation Workers performing collection duties are required to lift and carry items dozens of times per hour up to 100 to 150 pounds, and maintain a CDL.

17. A subset of those employed in the civil service title of Sanitation Worker are permitted to work as "Sanitation Police" but are still in the civil service title of Sanitation Worker.

18. They are working out of title as "Sanitation Police," which is not a civil service title.

19. The Civil Service Law prohibits out of title work except during an emergency. N.Y. Civil Service Law § 61(2).

20. Out-of-title work is defined as assignment to duties which are substantially different from those appropriate to the employee's title. Assignment to out-of-title work is prohibited by Section 60 of the Civil Service Law.

21. "Sanitation Police Officers" perform the same responsibilities and functions as the civil service title of Enforcement Agents, which have nothing to do with Sanitation Worker duties of heavy lifting and carrying for which they were hired and evaluated.

22. It has come to the attention of LEEBA that on or about February 5, 2023, the Department of Sanitation appointed approximately forty-two (42) Sanitation Workers to the non-competitive position of Sanitation Police, as well as making promotions from Sanitation Police to Sanitation Police Sergeant or above. These recent assignments by the Sanitation Commissioner

to have Sanitation Workers perform sanitation enforcement duties constitute out of title work. This conduct by the Department of Sanitation results in the misapplication of the SEA and ASEA collective bargaining agreements with LEEBA.

23. It is the position of LEEBA that these appointments violate New York civil service law. We maintain that the enforcement arm of the Department of Sanitation is limited to the civil service titles of SEAs & ASEAs. It is inappropriate and unlawful to appoint Sanitation Workers and their Supervisors to work beyond their civil service titles whose primary and stated purpose is to perform collection responsibilities.

## ARGUMENT FOR AN INJUNCTION

**PETITIONER MEETS THE STANDARD FOR GRANTING INJUNCTIVE RELIEF AND ENJOINING RESPONDENT**

24. The three-prong test for the issuance of a temporary restraining order and preliminary injunction consists of the following: (i) a likelihood of success on the merits, (ii) irreparable harm, and (iii) a balance of the equities in the Petitioner's favor. *See Alibini v. Solork Assoc.*, 37 A.D.2d 835 (2d Dep't 1971). As set forth below, Petitioner meets each of these prongs for preliminary relief.

    A.    **Likelihood of Success on the Merits**

25. "The mandate of section 6 of article V of the Constitution is clear. All appointments to positions in the civil service must be made according to merit and fitness to be ascertained as far as practicable by competitive examination. Both the Legislature and the various Civil Service Commissions may provide otherwise, classifying positions in the classified service as exempt or noncompetitive when it is not practicable to fill such positions by competitive examination, within the limits defined in *Matter of Ottinger* v. *State Civ. Serv. Comm.* (*supra*) and in the Civil Service Law ( §§ 40-44)." *Babylon v. Stengel*, 43 Misc. 2d 196,

5

198, 250 N.Y.S.2d 514, 517 (Sup. Ct. 1964).

26. Any taxpayer has standing to challenge the improper appointment procedures under the New York Civil Service Law. *See Hellyer v Prendergast*, 176 A.D. 383, 162 N.Y.S. 788, 1917 N.Y. App. Div. LEXIS 9355 (N.Y. App. Div. 1917); Civil Service Law 102.

27. A temporary injunction may be granted where employees were not properly employed pursuant to the Civil Service Law. See *Welling v. Portfolio*, 26 N.Y.S.2d 823, 825 (Sup. Ct. 1941) (granting the injunction and holding that the taxpayer had the right to bring the action pursuant to N.Y. Civ. Serv. Law § 28 and found merit to the taxpayer's argument that a sizable group of persons had not met the requirement of a civil service competitive examination).

28. The Legislature may not jurisdictionally classify a particular position in the exempt class unless it is one for which ascertainment of merit and fitness, or the filling of which, by competitive examination, is not practicable (*Matter of Ottinger* v. *State Civ. Serv. Comm., supra*; *Matter of Carow* v. *Board of Educ.*, 272 N. Y. 341; *Matter of Andresen* v. *Rice, supra*; *Matter of Volgenau* v. *Finegan*, 163 Misc. 554, affd. 250 App. Div. 757). Accordingly, the court must hold that the Legislature does not have the power to exempt positions of the type here involved from the action of the Civil Service Law and the constitutional mandate (*Aversa* v. *Finegan*, 164 Misc. 162, affd. 250 App. Div. 752, affd. 275 N. Y. 512).

29. Accordingly, Sanitation Police Officers should be required to be appointed by competitive examination specific to their police duties, or, in the alternative, all enforcement duties should be performed by those already in the civil service title of Sanitation Enforcement Agent or Associate Sanitation Enforcement Agent.

**B. Petitioner will be irreparably harmed**

30. The above-referenced department action results in diminishing the need to appoint

new SEAs & ASEAs, thus reducing LEEBA's influence and reducing its ability to increase union membership. It is inappropriate for the City to interfere in the administration of LEEBA by giving preferential treatment to the Sanitation Worker bargaining unit over more senior SEAs & ASEAs who will have fewer opportunities for promotion and overtime pay. These damages justify standing regarding the "Out of Title" work performed by Sanitation Workers and their respective supervisor ranks.

31. The courts have held that these losses are irreparable when they cannot be remedied by monetary payments alone. *See, e.g., Int'l Union of Operating Eng'rs, Local No. 463 v. City of Niagara Falls*, 191 Misc. 2d 375, 380 (Sup. Ct. Niagara Cnty. 2002), *aff'd sub nom. Bathurst v. City of Niagara Falls*, 298 A.D.2d 1010 (4th Dep't 2002) (loss of healthcare coverage "cannot be recovered by an award of monetary damages alone since changing a health care provider may require a change in physicians and a course of treatment," and "adversely affect the ability to access doctors, prescriptive medications, physio-therapy and other medical needs").

### C. Balance of the equities favor Petitioner and injunctive relief is not contrary to the public interest

32. In granting or withholding injunctive relief, courts must consider the welfare and interests of the general public. *See International Ry. Co. v. Barone*, 246 A.D. 450 (4th Dep't 1935).

33. We demand that the Commissioner of the Department of Sanitation cease and desist from the continued practice of appointing Sanitation Workers and Supervisors or Superintendents as Sanitation Police. We further assert that the Department of Sanitation and the City of New York must hire sufficient numbers of SEA members and promote SEAs to ASEA positions to provide the appropriate enforcement duties envisioned and legislated for SEA and

ASEA employees to perform.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Petitioner respectfully prays that a judgment and order granting Petitioner's request for a Temporary Restraining Order in full.

A. Enjoining the Department of Sanitation from appointing Sanitation Police Officers without a competitive examination, which already exists through the Sanitation Enforcement Agent civil service title.

For such other, further and different relief as this Court may deem just and proper.

Dated:   New York, New York
         April 5, 2023

*Raoul Zaltzberg*
**Raoul Zaltzberg, Esq.**
Zaltzberg Law
14 Wall Street, 20th Floor
New York, NY 10005
212.609.1344

8