22 Civ. 6284 (ALC)(SDA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMEKA DOWDY, JEFFREY HUNTER, SEAN
MILAN, JOEL PURSER, SANDRA CASTRO, CECELIA
ROJAS, KEVON CHISHOLM, RICHARD ORTEGA,
MARISOL CONCEPCION, ROBERT TABON,
RASHEEN ODOM, CARMELITA GORDON-
FLEETWOOD, and RAYMOND PACHECO,

On behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

THE CITY OF NEW YORK,

Defendant.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-123*
*New York, N.Y. 10007*

*Of Counsel: Talysia Francis*
*Tel: (212) 356-2465*
*Matter No.: 2022-044833*

Talysia Francis,
Bruce Rosenbaum,
    Of Counsel.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES....................................................................................................iI

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 3

ARGUMENT.......................................................................................................................... 3

    POINT I.............................................................................................................................. 3

        PLAINTIFFS' CLAIMS ARE TIME-BARRED, IN PART, BY THEIR RESPECTIVE STATUTES OF LIMITATION ............................................................................................ 3

    POINT II............................................................................................................................. 3

        PLAINTIFFS LACK STANDING TO BRING A DISPARATE TREATMENT OR A DISPARATE IMPACT CLAIM.................................................................................... 3

        A.   Plaintiffs' Opposition Does Not Cure Their Failure to Demonstrate Injury in Fact With Respect to Their Disparate Treatment or Disparate Impact Claims........................................................................ 4

        B.   The Relief Sought Would Not Redress Plaintiffs' Alleged Injuries. ................................................................ 5

    POINT III............................................................................................................................ 6

        PLAINTIFFS' OPPOSITION DOES NOT CURE THEIR FAILURE TO STATE PLAUSIBLE DISPARATE TREATMENT AND DISPARATE IMPACT CLAIMS ........................................................................................ 6

        A.   Plaintiffs Fail to State a Plausible Disparate Treatment Claim ................................................................................. 6

        B.   Plaintiffs Fail To State A Plausible Disparate Impact Claim ................................................................................. 7

    POINT IV............................................................................................................................ 8

        PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE A CLAIM PURSUANT TO THE EQUAL PAY ACT................................. 8

CONCLUSION.................................................................................................................... 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Cameron v. Church,
    253 F. Supp. 2d 611 (S.D.N.Y. 2003).........................................................................9

Chalmers v. City of New York,
    20-cv-3389 (AT) (S.D.N.Y.).............................................................................1, 6, 7

Do No Harm v. Pfizer Inc.,
    646 F. Supp. 3d 490 (S.D.N.Y. 2022).........................................................................3

Dowdy v. N.Y. City Dept. of Sanitation,
    No. 22-CV-6284 (ALC), 2023 U.S. Dist. LEXIS 171625 (S.D.N.Y. Sep. 26,
    2023) ......................................................................................................................4, 5

Engelmann v. Nat'l Broadcasting Co.,
    No. 94 Civ. 5616 (MBM), 1996 U.S. Dist. LEXIS 1865 (S.D.N.Y. Feb. 21,
    1996) .......................................................................................................................10

Houser v. Pritzker,
    28 F. Supp. 3d 222 (S.D.N.Y. 2014).......................................................................5, 6

Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,
    62 F.3d 69 (2d Cir. 1995)...........................................................................................8

Jones v. Dept. of the Army Bd. for Corr. of Military Records,
    No. 99 Civ. 4423 (DC), 2000 U.S. Dist. LEXIS 9201 (S.D.N.Y. June 30,
    2000) .........................................................................................................................9

Local 2507, Uniformed EMTs, Paramedics & Fire Inspectors v. City of New
    York,
    22-cv-10336 ...........................................................................................................6, 7

Lujan v. Defs. of Wildlife,
    504 U.S. 555 (1992)...................................................................................................4

Manfra v. Koch,
    666 F. Supp. 637 (S.D.N.Y. 1987).............................................................................9

Patton v. Dumpson,
    498 F. Supp. 933 (S.D.N.Y. 1980).............................................................................9

Steel Co. v. Citizens for a Better Envt.,
    523 U.S. 83 (1998).....................................................................................................6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

DAMEKA DOWDY, et al.,

                               Plaintiffs,        No. 22 Civ. 6284 (ALC)(SDA)

           – against –

THE CITY OF NEW YORK,

                               Defendant.
------------------------------------------------------------------------- x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

Plaintiffs, all non-white men and women employed by the City of New York ("the City") with the New York City Department of Sanitation ("DSNY") as Sanitation Enforcement Agents or Associate Sanitation Enforcement Agents (collectively referred to as "SEAs"), bring this putative class action against the City, alleging that the City discriminates and compensates SEAs less than Sanitation Workers for substantially equal work in violation of Title VII, the SHRL, the CHRL, the EPA, and § 1983. After two prior unsuccessful attempts, see ECF Dkt. Nos. 1, 11-14, 28, Plaintiffs claim to have modeled this Third Amended Complaint ("TAC") on the complaint filed in the case of Chalmers v. City of New York, 20-cv-3389 (AT) (S.D.N.Y.), which they contend is factually similar to the allegations they now set forth in their TAC. See ECF Dkt. No. 146 at n.1.

However, as explained in Defendant's initial moving papers and below, the fact pattern in Chalmers is not comparable to the facts alleged in this case. Nor do the arguments set forth in Plaintiffs' opposition papers cure the deficiencies identified in Defendant's moving

memorandum of law.  Instead, Plaintiffs merely reallege many of the allegations in the TAC and misrepresent Defendant's arguments or otherwise fail to directly address them.  Plaintiffs erroneously argue that "[t]he City is operating under a material misunderstanding of the nature of this case: it is not solely a failure to promote case – it is a pay discrimination case."  Plaintiffs continue to contend that "[t]he City pays greater compensation and benefits to Sanitation Police (Sanitation Workers) than the Plaintiffs (Enforcement Agents) for substantially similar work." ECF Dkt. No. 151 at 4.  Thus, Plaintiffs continue to erroneously compare the salaries that SEAs receive with those received by Sanitation Workers.[1]  However, as Defendants have explained in their initial moving papers, the fallacy of Plaintiffs' approach is to limit any such comparison to one between what SEAs do and what only 1.1% of the Sanitation Worker Workforce does (73 on temporary Sanitation Police detail assignments out of 6,521 Sanitation Workers).  See ECF Dkt. No. 146, Exhibit 1, TAC ¶ 48.  Tellingly, Plaintiffs do not allege that any of the SEAs perform the duties of what 98.9 % of the employees in the title with whom they compare themselves perform and who they repeatedly and derisively describe as "Garbage Collectors."

Accordingly, and for the reasons set forth in Defendant's initial moving papers and more fully below, the Court should dismiss the Third Amended Complaint.

---

[1] As Plaintiffs concede in their TAC, some Sanitation Workers are assigned to time-limited details to perform Sanitation Police functions.  See ECF Dkt. No. TAC ¶ 40-41, 47-49.  There is no Sanitation Police Officer civil service title.

## STATEMENT OF FACTS

For a complete statement of the material and pertinent facts, Defendant respectfully refers the Court to the Memorandum of Law in Support of Defendant's Motion to Dismiss the Third Amended Class Action Complaint ("Defs.' MOL."), filed on March 22, 2024, ECF Dkt. No. 149, at pages 3-6.

## ARGUMENT

### POINT I

### PLAINTIFFS' CLAIMS ARE TIME-BARRED, IN PART, BY THEIR RESPECTIVE STATUTES OF LIMITATION

Plaintiffs do not dispute that their federal claims are time-barred in part. Thus, Plaintiff's Title VII claims which pre-date April 8, 2020, and any § 1983 claims which predate July 25, 2019 should be dismissed as untimely. Further, Defendant continues to maintain that, the continuing violation doctrine does not apply to Plaintiff's CHRL claims, and that Plaintiff's CHRL claims which predate July 25, 2019 should be dismissed for the reasons set forth in Defendant's initial memorandum of law. See Def's MOL, Point I, at p. 7.

### POINT II

### PLAINTIFFS LACK STANDING TO BRING A DISPARATE TREATMENT OR A DISPARATE IMPACT CLAIM

In opposition, Plaintiffs fail to meaningfully address Defendant's argument that Plaintiffs lack standing to bring a disparate treatment or disparate impact claim on behalf of either themselves or a putative class, opting instead to misconstrue Defendant's argument and to re-allege many of the allegations in the TAC. To be clear, Defendant did not raise an organizational standing issue in its moving papers or otherwise rely on Do No Harm v. Pfizer Inc., 646 F. Supp. 3d 490, 496 (S.D.N.Y. 2022), cited by Plaintiffs in their opposition, see ECF Dkt. No. 151 at 7.

3

In any event, it is well settled that a plaintiff cannot establish Article III standing unless he can demonstrate (1) an injury in fact (2) "a causal connection between the injury and the conduct complained of," and (3) a non-speculative likelihood 'that the injury will be redressed by a favorable decision.'" Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). Plaintiffs lack Article III standing to bring a disparate impact claim because they cannot show that (1) they have personally suffered any injury in fact as a result of the City's allegedly policy of exclusively selecting Sanitation Police from a group of Sanitation Workers or the City's alleged policy of negotiating with SEAs as "civilian" employees, or that (2) the relief sought would redress their alleged injuries.

**A.    Plaintiffs' Opposition Does Not Cure Their Failure to Demonstrate Injury in Fact With Respect to Their Disparate Treatment or Disparate Impact Claims**

Plaintiffs argue that they have adequately alleged that they suffered an injury in fact due to "the artificial barrier erected by the City of New York requiring that applicants qualify to become Sanitation Workers before being considered for the Sanitation Police" and because they were allegedly paid a discriminatory wage. See ECF Dkt. No. 151, Pl's MOL at pp. 7, 8. Plaintiffs' argument merely realleges the allegations set forth in the TAC and still fails address the substance of Defendant's arguments. Indeed, Plaintiffs still fail to allege that any Plaintiff was actually able and ready to apply for a position on the Sanitation Police detail, and thus cannot establish injury in fact sufficient to challenge the City's alleged policy of limiting the Sanitation Police selection pool to Sanitation Workers. See Dowdy v. N.Y. City Dept. of Sanitation, No. 22-CV-6284 (ALC), 2023 U.S. Dist. LEXIS 171625, at *12-13 (S.D.N.Y. Sep. 26, 2023). Plaintiffs fail to address Defendant's argument that they have only identified a hypothetical and future risk of harm, and thus cannot establish an injury in fact with respect to the City's allegedly policy of negotiating with SEAs as "civilian" employees. Indeed, Plaintiff's opposition ignores the fact that

4

a bargaining impasse arbitration panel recently ruled that the duties performed by ASEAs did not warrant applying the "uniformed" pattern to the salary increased to be accorded to ASEAs.  See ECF Dkt. No. 148-7; Exhibit G at 15-16.  For these reasons, and for the reasons set forth in Defendant's initial memorandum of law, see ECF Dkt. No. 146, Def's MOL, Point II (B), at pp. 8-12, Plaintiffs' have failed to demonstrate an injury in fact sufficient to confer standing to challenge the City's alleged policies.  See Dowdy v. N.Y. City Dept. of Sanitation, No. 22-CV-6284 (ALC), 2023 U.S. Dist. LEXIS 171625, at *12-13 (S.D.N.Y. Sep. 26, 2023).

**B.    The Relief Sought Would Not Redress Plaintiffs' Alleged Injuries.**

Further, even if Plaintiffs have stated an injury in fact, Plaintiffs still lack standing to challenge the City's alleged policies because Plaintiffs cannot establish a "non-speculative likelihood that the injury can be remedied by the requested relief" and thus fail to establish the redressability element of standing.  See Houser v. Pritzker, 28 F. Supp. 3d 222, 239 (S.D.N.Y. 2014).  Plaintiffs, in their opposition, contend that the City argues that "the Court does not have the ability to remedy the issue because the Court cannot order the Legislature to make the Agents have peace officer status."  See Pl's Opp at p. 7.  Plaintiffs misrepresent and oversimplify Defendant's redressability argument, which meticulously explains why

Defendant reiterates: "*even if the Court were to order that SEAs be granted peace officer status, that too would not provide Plaintiffs with the relief they seek*."  See Def's MOL, Point II (C), at p. 14 (emphasis added).  Granting Plaintiffs peace officer status would not redress Plaintiffs' alleged injuries, as Plaintiffs *still* fail to allege that receiving the peace officer designation would have any impact on their salaries, and Plaintiffs themselves contend that the peace officer designation "does not create a material difference between the Sanitation Police and Agents."  See TAC ¶ 107.

Tellingly, Plaintiffs do no rebut Defendant's argument that Plaintiffs cannot demonstrate a non-speculative likelihood that reassignment to the Sanitation Police detail, an award of backpay, or being treated as "uniformed" employees for collective bargaining purposes would remedy the alleged disparity in compensation between SEAs and the Sanitation Workers temporarily assigned to the Sanitation Police detail. Thus, for these reasons, and the reasons set forth in Defendant's initial memorandum of law, see Def's MOL, Point II (C), at pp. 12-16, Plaintiffs fail to establish the requisite redressability for Article III standing. Plaintiff's disparate treatment and disparate impact claims must therefore be dismissed. See, e.g., Steel Co. v. Citizens for a Better Envt., 523 U.S. 83, 107 (1998) ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement."); Houser v. Pritzker, 28 F. Supp. 3d 222, 239 (S.D.N.Y. 2014).

## POINT III

### PLAINTIFFS' OPPOSITION DOES NOT CURE THEIR FAILURE TO STATE PLAUSIBLE DISPARATE TREATMENT AND DISPARATE IMPACT CLAIMS

**A.    Plaintiffs Fail To State A Plausible Disparate Treatment Claim**

Plaintiffs, in their opposition, continue to inappropriately portray this action as comparable to the case brought in Chalmers v. City of New York, 20-cv-3389 (AT) (S.D.N.Y.), and now also seek to rely on the case Local 2507, Uniformed EMTs, Paramedics & Fire Inspectors v. City of New York, 22-cv-10336 ("Local 2507") to support their disparate treatment claims. However, this case is meaningfully different than Chalmers and Local 2507. While the facts pleaded in Plaintiffs' TAC allege that there is a disparity in base pay between SEAs and Sanitation Workers assigned to the Sanitation Police detail, Plaintiffs fail to evince even a minimal inference that any such disparity is based on their race or gender. Rather, the facts pleaded in the TAC show

6

only that there is a disparity in pay between SEAs and **Sanitation Workers**.  The fallacy of Plaintiffs' approach is to limit any such comparison to one between what SEAs do and what only 1.1% of the Sanitation Worker Workforce (73 on temporary Sanitation Police detail assignments out of 6,521 Sanitation Workers).  <u>See</u> ECF Dkt. No. 146 ; Exhibit 1, TAC ¶ 48.  Plaintiffs do not allege that any of the SEAs perform the duties of what 98.9 % of the employees in the title with whom they compare themselves perform, and who they repeatedly and derisively describe as "Garbage Collectors."  The plaintiffs in <u>Chalmers</u> do not bring disparate treatment claims based on what a tiny subset of their purported comparators do on a temporary basis.  Plaintiffs conveniently fail to address this factual difference in their opposition papers despite the fact that Defendant raised this issue throughout its motion papers.  Instead, Plaintiffs attempt to rely on the recent decision in <u>Local 2507</u>, to argue that the City's decision to negotiate with SEAs as civilian employees and with Sanitation Workers as uniformed employees raises an inference of discrimination.  However, Plaintiffs' reliance on the decision in <u>Local 2507</u> is flawed as Plaintiffs only compare themselves with a tiny subset of Sanitation Workers who temporarily function as Sanitation Police officers.  Accordingly, for these reasons, and for the reasons set forth in Defendant's initial memorandum of law, <u>see</u> Def's MOL, Point III, at pp. 18-22,  Plaintiffs' disparate treatment claims must be dismissed for failure to state a cause of action.

**B.    Plaintiffs Fail To State A Plausible Disparate Impact Claim**

Plaintiffs' opposition also does not cure their failure to state a disparate impact claim.  While Plaintiffs have identified the alleged City policies they seek to challenge, and have alleged a disparity in pay, Plaintiffs still fail to establish a causal connection between the challenged policies and the difference in compensation between SEAs and the 1.1% of Sanitation Workers who are temporarily and laterally reassigned to the Sanitation Police detail.  In fact, despite Defendant's raising the issue in its initial memorandum of law, Plaintiffs still do not –

because they cannot – allege that the reassignment to the Sanitation Police detail would have any impact on the base pay of anyone reassigned to that detail. For this reason, and for the reasons set forth in Defendant's initial memorandum of Law, see Def's MOL, Point II (D) at pp. 16-18, Plaintiffs fail to allege a causal connection between the challenged City policies and the alleged pay disparity and thus fail to establish a disparate impact claim.

## POINT IV

### PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE A CLAIM PURSUANT TO THE EQUAL PAY ACT

In their opposition, Plaintiffs argue that the Court should not take judicial notice of the notice of examinations which are attached to Defendant's moving memorandum of law as Exhibit A. See Pl's Opp. at p. 14; Def's Ex. A, ECF Dkt. No. 141-1. However, the TAC quotes the notice of examination for the Sanitation Worker position verbatim. See TAC ¶90; Def's Ex. A at p.3. The notice of examination is thus incorporated by reference into the Third Amended Complaint. See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Moreover, Plaintiffs fail to rebut the multiple cases cited by Defendant in which courts have found that SEAs, unlike Sanitation Police, are not assigned to the enforcement of sanitation-related regulations concerning proper disposal of solid waste with licensed facilities, theft of recyclables and illegal dumping; nor do SEAs effect arrests or impound vehicles. See ECF Dkt. No. 149 at 24. Further, contrary to Plaintiffs' contention regarding the preclusive effect of the court's default judgment in LEEBA v. City, see Exhibit F, Petitioners asserted in that article 78 proceeding that "Sanitation Police Officers" perform the same responsibilities and functions as employees assigned to the civil service titles of Sanitation Enforcement Agent and Associate Sanitation Agent. See Exhibit E, Petition, NYSCEF Doc. No. 1 at ¶¶ 21, 23. The default judgment is entitled to preclusive effect for the reasons set forth in Defendants' initial moving papers. See

ECF Dkt. No. 149 at 25. Moreover, contrary to Plaintiffs' contention, the Plaintiffs in this action are in privity with the petitioners in LEEBA v. City. First, there is no dispute that Joel Purser and Sean Milan, both plaintiffs in this action, were parties to the LEEBA v. City proceeding. Moreover, municipal corporations and their officers have a relationship of privity, thus a judgment against one functions as a judgment against the other. See Manfra v. Koch, 666 F. Supp. 637, 640 n.12 (S.D.N.Y. 1987); Patton v. Dumpson, 498 F. Supp. 933, 943 (S.D.N.Y. 1980); Jones v. Dept. of the Army Bd. for Corr. of Military Records, No. 99 Civ. 4423 (DC), 2000 U.S. Dist. LEXIS 9201, at *12 (S.D.N.Y. June 30, 2000); Cameron v. Church, 253 F. Supp. 2d 611, 623 (S.D.N.Y. 2003).

In any event, it is clear from the fact of the TAC that the crux of Plaintiffs' Equal Pay Act claim is simply that Sanitation Workers, who have relatively high base-pay, are permitted to maintain their higher base salaries if and when they volunteer to perform enforcement duties as a part of the Sanitation Police detail. See TAC ¶¶ 46, 66, 67. However, Plaintiffs have not, because they cannot, allege that it is unlawful for a Sanitation Worker to maintain their base salary while they perform the duties associated with their lateral reassignment on a temporary detail to the DSNY Sanitation Police function simply because that function has some similarities to the functions performed by SEAs whose salaries are less than those for Sanitation Workers. See, e.g., Engelmann v. Nat'l Broadcasting Co., No. 94 Civ. 5616 (MBM), 1996 U.S. Dist. LEXIS 1865, at *27 (S.D.N.Y. Feb. 21, 1996) (noting in analyzing an EPA claim that "salary retention policies that maintain an employee's salary even when he or she is transferred to another position within the company are also permissible."). Accordingly, for these reasons, and the reasons set forth in Defendant's initial Memorandum of Law, see Def's MOL, Point IV, pp. 22-25.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant this motion and dismiss the Third Amended Class Action Complaint in its entirety together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              May 24, 2024

                              **HON. SYLVIA O. HINDS-RADIX**
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-123
                              New York, New York 10007
                              (212) 356-2465
                              tafranci@law.nyc.gov

                      By:     */s/ Talysia Francis*
                              Talysia Francis
                              Assistant Corporation Counsel

Bruce Rosenbaum,
Talysia Francis,
  Of Counsel.

10