

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | SHEMORI S. CORINTHIAN<br>Labor and Employment Law Division<br>phone: (212) 356-4076<br>fax: (212) 356-1148<br>email: scorinth@law.nyc.gov |

April 11, 2025

**Via ECF**
Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1970
New York, NY 10007

Re:  Dameka Dowdy et al. v. City of New York et al.
     No.: 22-cv-06284 (ALC)(SDA)

Dear Judge Aaron:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and attorney for Defendants the City of New York and the New York City Department of Sanitation ("DSNY") in the above-referenced matter. Pursuant to Your Honor's Individual Rules of Practice, I write to respectfully request an extension of time for Defendants to answer the Third Amended Complaint, from April 14, 2025, to May 15, 2025. This is Defendants' first request for an extension of time to answer the Third Amended Complaint, and Plaintiffs consent to this request. The requested extension will not affect any other scheduled deadlines in this matter.

This putative class action is brought by thirteen current or former DSNY employees who served as Sanitation Enforcement Agents ("SEAs") or Associate Sanitation Enforcement Agents ("ASEAs") with DSNY. Plaintiffs allege that Defendants discriminated against them by compensating them less favorably than Sanitation Police Officers who are Sanitation Workers detailed to perform Sanitation Police Officer duties. They assert claims under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, the New York City Human Rights Law, the Equal Pay Act, and the New York State Equal Pay Law. Plaintiffs allege that their positions require equal skill, effort, and responsibility under similar working conditions, yet receive lower compensation and inferior contractual benefits. Plaintiffs further contend that SEAs and ASEAs are disproportionately non-white and male, and that the compensation disparity has a disparate impact on women and minorities. Most recently, the Court denied Defendants' motion to dismiss the Third Amended Complaint. See ECF Dkt. No. 157.

The requested extension is necessary to allow sufficient time for my office to confer with the client agency to investigate and adequately respond to the specific allegations in the operative complaint. Accordingly, Defendants respectfully request that the Court extend the time

**Page**

to answer the Third Amended Complaint to May 15, 2025. I thank the Court for its consideration of this request.

                        Respectfully submitted,

                        */s/ Shemori S. Corinthian*

                        Shemori S. Corinthian
                        Assistant Corporation Counsel

cc:    **Via ECF**
       Philip H. Seelig, Esq.
       SEELIG LAW OFFICES, LLC
       Attorneys for Plaintiff
       299 Broadway, Suite 1600
       New York, New York 10007
       (212) 766-0600
       phil@pseeliglaw.com

       Steven Moser, Esq.
       MOSER LAW FIRM P.C.
       Attorneys for Plaintiff
       5 East Main Street
       Huntington, New York 11743
       (516) 671-1150
       steven.moser@moserlawfirm.com