UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

__Dameka Dowdy, et al._____,
On behalf of themselves and all others similarly situated,

**Plaintiff(s),**

-against-

No: __22__-cv-__6284__ (__ALC__) (SDA)

__City of New York_____,

**Defendant(s).**

## REPORT OF RULE 26(f) MEETING AND [PROPOSED]
## CASE MANAGEMENT PLAN

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the parties spoke on __April 22, 2025__ and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1. **Summary of Claims, Defenses And Relevant Issues:**

    **Plaintiff [Attach Additional Pages As Needed]**: The NYC Dep't of Sanitation (DSNY) maintains an "Enforcement Division" which employs Agents and Sanitation Police. The Agents are disproportionately non-white and female when compared to the Sanitation Police. More specifically, 38% of all Agents are female, while only 11% of Sanitation Police are female; 85% of Agents are non-white, while 50% of Sanitation Police are non-white. Moreover, the DSNY pulls Sanitation Police from its pool of Sanitation Workers, which is 97% male.          (See Attached Additional Page)

    **Defendant [Attach Additional Pages As Needed]**: Plaintiffs' disparate impact claims under Title VII, SHRL, and CHRL fail because the TAC lacks plausible allegations linking any DSNY policy or practice to the alleged disparities. The Equal Pay Act claim fails as Plaintiffs cannot make a showing that male Sanitation Police Officers performed substantially equal work to the female SEA plaintiffs. Plaintiffs' § 1983 claim also fails, as Plaintiffs cannot show intentional discrimination on the Part of Defendants.

2. **Basis of Subject Matter Jurisdiction:**

    The Court's subject matter jurisdiction is based on __Federal Question (Title VII, Equal Pay Act)__.

*Last Revised on April 18, 2024*

3. **Subjects On Which Discovery May Be Needed:**

    **Plaintiff**: (1) The gender and racial composition of Agents and Sanitation Police, (2) payroll records and records regarding compensation paid to these two groups, (3) the duties, skill, responsibilities, effort and working conditions of these two groups, and (4) the City's claimed job-related reasons for the difference in in pay between these two groups.

    **Defendant**: Defendant is seeking documents/information about the computation of Plaintiffs' alleged damages.

4. **Initial Disclosures:**

The information required by Rule 26(a)(1) ~~was~~ will be disclosed by Plaintiff(s) on June 16, 2025. In addition, on June 16, 2025, Plaintiff(s) produced/~~will produce~~ an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) ~~was~~ will be disclosed by Defendant(s) on June 16, 2025. In addition, on June 16, 2025, Defendant(s) produced/~~will produce~~ an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery:**

The parties jointly propose to the Court the following discovery plan:

    a.    All fact discovery must be completed by November 13, 2025.

    b.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent and without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 5(a) above.

        i.    **Depositions**: Depositions shall be completed by November 13, 2025 and limited to no more than TBD depositions per party. Absent an agreement between the parties or an Order from the Court, non- party depositions shall follow initial party depositions.

        ii.    **Interrogatories**: Initial sets of interrogatories shall be served on or before June 23, 2025. All subsequent interrogatories must be served no later than 30 days from the discovery deadline.

iii.     Requests for Admission: Requests for admission must be served on or before September 13, 2025.

iv.     Requests for Production: Initial requests for production were/will be exchanged on June 23, 2025, and responses shall be due on August 23, 2025. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

v.     Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6.   Anticipated Discovery Disputes:**

Does either party anticipate discovery disputes or seek limitations on discovery? Describe.

Not at this time.

**7.   Amendments To Pleadings:**

a.     No amended pleadings may be filed after __1 month from interrogatory responses__. Any motion to amend after this date will need to meet the good cause requirements of Rule 16(b).

b.     No additional parties may be joined after __1 month from interrogatory responses__. Any motion to join after this date will need to meet the good cause requirements of Rule 16(b).

**8.   Expert Witness Disclosures:**

At this time, the parties [■ do / ☐ do not] anticipate utilizing experts. Expert discovery shall be completed by February 13, 2026.

**9.   Electronic Discovery And Preservation Of Documents And Information:**

a.     Have the parties discussed electronic discovery? [■ Yes / ☐ No]

b.     Is there an electronic discovery protocol in place? [☐ Yes / ■ No] If not, when do the parties expect to have one in place? Within 2 weeks after document requests served

c.     Do the parties want the Court to enter a Rule 502(d) Order? (*See* Rule 502(d) Order) [■ Yes / ☐ No]

d.     Will the parties enter into a Protective Order? (*See* Model Protective Order)? [■ Yes / ☐ No] If yes, the Protective Order shall be submitted no later June 9, 2025.

3

e. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference? Describe.

Not at this time.
_____
_____
_____

10. **Anticipated Motions:**

Anticipated motions include a motion to certify the class, and motion(s) for summary judgment.
_____
_____
_____

11. **Early Settlement Or Resolution:**

The parties [■ have / ☐ have not] discussed the possibility of settlement. The parties shall request a settlement conference no later than  TBD         . The following information is needed before settlement can be discussed:

Plaintiffs are open to discussing settlement once there has been sufficient discovery to evaluate the merits of the Plaintiffs claims and the Defendants' defenses and to determine potential damages.
_____

12. **Trial:**

a. The parties anticipate that this case will be ready for trial by  November 2026   .

b. The parties anticipate that the trial of this case will require  7          days.

c. The parties [☐ do / ■ do not] consent to a trial before a Magistrate Judge.

d. The parties request a [■ jury / ☐ bench] trial.

13. **Status Letter (To Be Completed By The Court):**

The parties shall file a joint letter regarding the status of discovery on _____.

14. **Consent To Proceed Before A United States Magistrate Judge:**

The parties are advised that they may consent to Judge Aaron's jurisdiction at any time during the case pursuant to 28 U.S.C. § 636(c). To consent to Judge Aaron's jurisdiction, please utilize the form to [Consent for All Purposes](#) or [Consent For Specific Dispositive Motions](#), which are hyperlinked herein and also available on Judge Aaron's Individual Practices Webpage.

**15.   Other Matters:**

_____
_____
_____
_____
_____

Respectfully submitted this __6th__ day of __May_____, __2025___.

      **Attorney(s) for Plaintiff(s):**       **Attorney(s) for Defendant(s):**
      Moser Law Firm, by Steven Moser
      Seelig Law Offices, by Philip Seelig & Matt Porcaro       Shemori S. Corinthian, NYC Law Dep't

**SO ORDERED.**

Dated:      New York, New York
            _____

                                                 _____
                                                 **STEWART D. AARON**
                                                 United States Magistrate Judge

**Continuation of Plaintiff's Response to Summary of Claims, Defenses and Relevant Issues:**

The City pays Sanitation Police drastically more than it pays Agents. Also, despite the fact that Agents wear uniforms, the City gives preferential "uniformed" bargaining status only to Sanitation Police, but not Agents. The City, through its bargaining practices, has thereby cemented and compounded differences in pay between segregated groups.

Plaintiffs, a group of more than 100 Agents, bring this action under Title VII, Section 1981, the NYCHRL, and the Equal Pay Act. They seek to be treated equally, regardless of race and sex. The City claims that Sanitation Police have unique responsibilities. However, the Plaintiffs claim that Sanitation Police exercise their unique responsibilities less than 1/100% of the time.