UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

DAMEKA DOWDY, JEFFREY HUNTER, SEAN
MILAN, JOEL PURSER, SANDRA CASTRO,
CECELIA ROJAS, KEVON CHISHOLM,
RICHARD ORTEGA, MARISOL CONCEPCION,
ROBERT TABON, RASHEEN ODOM,
CARMELITA GORDON-FLEETWOOD, and
RAYMOND PACHECO, On behalf of themselves
and all others similarly situated,

**ANSWER TO THIRD
AMENDED
COMPLAINT**

Plaintiffs,

No. 22-cv-6284
(ALC)(SDA)

-against-

THE CITY OF NEW YORK,

Defendant.

-----------------------------------------------------------------------x

Defendant, by its attorney, **MURIEL GOODE-TRUFANT**, Corporation Counsel

of the City of New York, as and for its answer to the Third Amended Complaint, respectfully

alleges as follows:

1.  Denies the allegations set forth in paragraph "1" of the Third Amended

Complaint except admits that in Fiscal Year 2022, the New York City Department of Sanitation

("DSNY") had a fiscal budget of $1.9 billion and approximately 9,800 employees.

2.  Denies the allegations set forth in paragraph "2" of the Third Amended

Complaint except admits that  Sanitation Enforcement Agents ("SEAs") and Associate Sanitation

Enforcement Agents ("ASEAs") are represented by the Law Enforcement Employees Benevolent

Association,  and respectfully refers the Court to the Sanitation Enforcement Agent  2024 Notice

of Examination for an accurate description of the duties associated with the SEA and ASEA titles

3.  Denies the allegations set forth in paragraph "3" of the Third Amended

Complaint except admits that Sanitation Workers are represented by Uniformed Sanitationmen's

Association, Local 831, affiliated with the International Brotherhood of Teamsters, and respectfully refers the Court to the 2023 Sanitation Worker Notice of Examination for an accurate description of the duties associated with the Sanitation Worker title.

4. Denies the allegations set forth in paragraph "4" of the Third Amended Complaint.

5. Denies the allegations set forth in paragraph "5" of the Third Amended Complaint.

6. Denies the allegations set forth in paragraph "6" of the Third Amended Complaint.

7. Denies the allegations set forth in paragraph "7" of the Third Amended Complaint except admits, that in 2023, the City announced that it reached a deal with Sanitation Workers which provides for salary increases , and respectfully the Court to 2022-2028 Sanitation Workers Memorandum of Economic Agreement for a complete and accurate recitation of negotiated salary increases for Sanitation Workers.

8. Denies the allegations set forth in paragraph "8" of the Third Amended Complaint.

9. Denies the allegations set forth in paragraph "9" of the Third Amended Complaint.

10. Denies the allegations set forth in paragraph "10" of the Third Amended Complaint except admits that Plaintiffs purport to proceed as set forth therein.

11. Denies the allegations set forth in paragraph "11" of the Third Amended Complaint except admits that Plaintiffs purport to invoke the jurisdiction of the Court as stated

therein, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

12. Denies the allegations set forth in paragraph "12" of the Third Amended Complaint except admits that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

13. Denies the allegations set forth in paragraph "13" of the Third Amended Complaint except admits that Plaintiffs purport to base venue as stated therein, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

14. Denies the allegations set forth in paragraph "14" of the Third Amended Complaint except admits that Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 2, 2021.

15. Admits the allegations set forth in paragraph "15" of the Third Amended Complaint.

16. Denies the allegations set forth in paragraph "16" of the Third Amended Complaint.

17. Admits the allegations set forth in paragraph "17" of the Third Amended Complaint.

18. Denies the allegations set forth in paragraph "18" of the Third Amended Complaint except admits that Dameka Dowdy self-identifies as a Black female and is currently in the title of ASEA, with approximately 20 years of service with the DSNY.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Third Amended Complaint except admits that

Jeffery Hunter self-identifies as a Native American male and last held the title of ASEA, with approximately 35 years of service with the DSNY.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Third Amended Complaint except admits that Sean Milan self-identifies as a Black male and is currently in the title of ASEA, with approximately 19 years of service with the DSNY.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Third Amended Complaint except admits that Joel Purser self-identifies as a Black male and is currently in the title of ASEA, with approximately 35 years of service with the DSNY.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Third Amended Complaint except admits that Sandra Castro self-identifies as a Black female and last held the title of SEA, with approximately 20 years of service with the DSNY.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Third Amended Complaint except admits that Ceceila Rojas self-identifies as a Black female and last held the title of ASEA, with approximately 35 years of service with the DSNY.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Third Amended Complaint except admits that Kevon Chisolm self-identifies as a Black Female and is currently in the title of ASEA, with approximately twenty years of service with the DSNY.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Third Amended Complaint except admits that Marisol Concepcion self-identifies as a Hispanic female and is currently in the title of ASEA, with approximately 19 years of service with the DSNY.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Third Amended Complaint except admits that Robert Tabon self-identifies as a Black male and last held the title of ASEA, with approximately 40 years of service with the DSNY.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Third Amended Complaint except admits that Rasheen Odom self-identifies as a Black male and last held the title of ASEA, with approximately 18 years of service with the DSNY.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Third Amended Complaint except admits that Carmelita Gordon-Fleetwood self-identifies as a Black female and last held the title of ASEA, with approximately 19 years of service with the DSNY.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Third Amended Complaint except admits that Raymond Pacheco self-identifies as a Hispanic male and last held the title of ASEA, with approximately 13 years of service with the DSNY.

30. Admits the allegations set forth in paragraph "30" of the Third Amended Complaint.

31. Admits the allegations set forth in paragraph "31" of the Third Amended Complaint.

32. Denies the allegations set forth in paragraph "32" of the Third Amended Complaint.

33. Denies the allegations set forth in paragraph "33" of the Third Amended Complaint.

34. Denies the allegations set forth in paragraph "34" of the Third Amended Complaint except admits that Sanitation Workers are represented by the union Uniformed Sanitationmen's Association, Local 831, affiliated with the International Brotherhood of Teamsters.

35. Denies the allegations set forth in paragraph "35" of the Third Amended Complaint.

36. Denies the allegations set forth in paragraph "36" of the Third Amended Complaint except admits that DSNY currently employs 75 SEAs and 36 ASEAs.

37. Admits the allegations set forth in paragraph "37" of the Third Amended Complaint.

38. Denies the allegations set forth in paragraph "38" of the Third Amended Complaint.

39. Denies the allegations set forth in paragraph "39" of the Third Amended Complaint.

40. Denies the allegations set forth in paragraph "40" of the Third Amended Complaint except admits that DSNY Sanitation Police Officers hold the civil service title of Sanitation Worker.

41. Denies the allegations set forth in paragraph "41" of the Third Amended Complaint.

42. Denies the allegations set forth in paragraph "42" of the Third Amended Complaint except admits that New York City Council passed Local Law 18, and respectfully refers the Court to Local Law 18 for a complete and accurate recitation of its contents.

43. Denies the allegations set forth in paragraph "43" of the Third Amended Complaint except admits, that in September 2022, the New York City Council published a report analyzing pay differences in the New York City municipal workforce, and respectfully refers the Court to the report for a complete and accurate recitation of its contents.

44. Denies the allegations set forth in paragraph "44" of the Third Amended Complaint except admits that the New York City Council published a report analyzing pay differences in the New York City municipal workforce, and respectfully refers the Court to the report for a complete and accurate recitation of its contents.

45. Denies the allegations set forth in paragraph "45" of the Third Amended Complaint.

46. Denies the allegations set forth in paragraph "46" of the Third Amended Complaint.

47. Denies the allegations set forth in paragraph "47" of the Third Amended Complaint.

48. Denies the allegations set forth in paragraph "48" of the Third Amended Complaint.

49. Denies the allegations set forth in paragraph "49" of the Third Amended Complaint except admits that Sanitation Police are designated as Peace Officers, and respectfully

refers the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

50. Denies the allegations set forth in paragraph "50" of the Third Amended Complaint.

51. Denies the allegations set forth in paragraph "51" of the Third Amended Complaint.

52.    Denies the allegations set forth in paragraph "52" of the Third Amended Complaint.

53. Denies the allegations set forth in paragraph "53" of the Third Amended Complaint.

54. Denies the allegations set forth in paragraph "54" of the Third Amended Complaint.

55. Denies the allegations set forth in paragraph "55" of the Third Amended Complaint.

56. Denies the allegations set forth in paragraph "56" of the Third Amended Complaint.

57. Denies the allegations set forth in paragraph "57" of the Third Amended Complaint.

58. Denies the allegations set forth allegations set forth in paragraph "58" of the Third Amended Complaint, except admits that both Sanitation Workers, including those serving in detail as Sanitation Police Officers, and SEAs and ASEAs are required to have a high school diploma or equivalent.

59. Denies the allegations set forth in paragraph "59" of the Third Amended Complaint.

60. Denies the allegations set forth in paragraph "60" of the Third Amended Complaint.

61. Denies the allegations set forth in paragraph "61" of the Third Amended Complaint.

62. Denies the allegations set forth in paragraph "62" of the Third Amended Complaint.

63. Denies the allegations set forth in paragraph "63" of the Third Amended Complaint.

64. Denies the allegations set forth in paragraph "64" of the Third Amended Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Third Amended Complaint.

66. Denies the allegations in paragraph "66" of the Third Amended Complaint, except admits that the collective bargaining agreement for Sanitation Workers includes a salary schedule for employees in that title, and respectfully refers the Court to that agreement for a complete and accurate recitation of its contents.

67. Denies the allegations set forth in paragraph "67" of the Third Amended Complaint.

68. Denies the allegations set forth in paragraph "68" of the Third Amended Complaint.

69. Denies the allegations set forth in paragraph "69" of the Third Amended Complaint.

70. Denies the allegations set forth in paragraph "70" of the Third Amended Complaint.

71. Denies the allegations set forth in paragraph "71" of the Third Amended Complaint.

72. Denies the allegations set forth in paragraph "72" of the Third Amended Complaint except admits that SEAs and ASEAs and Sanitation Police Officers wear uniforms.

73. Denies the allegations set forth in paragraph "73" of the Third Amended Complaint.

74. Denies the allegations set forth in paragraph "74" of the Third Amended Complaint except admits the City reached a deal with Sanitation Workers which provides for salary increases , and respectfully refers the Court to 2022-2028 Sanitation Workers Memorandum of Economic Agreement for a complete and accurate recitation of negotiated salary increases for Sanitation Workers.

75. Denies the allegations set forth in paragraph "75" of the Third Amended Complaint.

76. Denies the allegations set forth in paragraph "76" of the Third Amended Complaint.

77. Denies the allegations set forth in paragraph "77" of the Third Amended Complaint.

78. Denies the allegations set forth in paragraph "78" of the Third Amended Complaint.

79. Denies the allegations set forth in paragraph "79" of the Third Amended Complaint.

80. Denies the allegations set forth in paragraph "80" of the Third Amended Complaint except admits that ONET maintains a statistical database, and respectfully refers the Court to the ONET statistical data cited therein for a complete and accurate recitation of their contents.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Third Amended Complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Third Amended Complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Third Amended Complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Third Amended Complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Third Amended Complaint.

86. Denies the allegations set forth in paragraph "86" of the Third Amended Complaint.

87. Denies the allegations set forth in paragraph "87" of the Third Amended Complaint except admits that Sanitation Police Officers are selected from among employees who hold the civil service title of Sanitation Worker.

88. Denies the allegations set forth in paragraph "88" of the Third Amended Complaint.

11

89. Denies the allegations set forth in paragraph "89" of the Third Amended Complaint.

90. Denies the allegations set forth in paragraph "90" of the Third Amended Complaint except admits that employees in the Sanitation Worker title is subject to a civil examination, and respectfully refers the Court to the Sanitation Worker 2023 Notice of Examination for an accurate description of the duties and qualifications for the Sanitation Worker title.

91. Denies the allegations set forth in paragraph "91" of the Third Amended Complaint.

92. Denies the allegations set forth in paragraph "92" of the Third Amended Complaint.

93. Denies the allegations set forth in paragraph "93" of the Third Amended Complaint.

94. Denies the allegations set forth in paragraph "94" of the Third Amended Complaint.

95. Denies the allegations set forth in paragraph "95" of the Third Amended Complaint.

96. Denies the allegations set forth in paragraph "96" of the Third Amended Complaint.

97. Denies the allegations set forth in paragraph "97" of the Third Amended Complaint except admits that the named Plaintiff possessed the requisite qualifications announced in the SEA Notice of Examination at the time of their appointment to the position.

98. Denies the allegations set forth in paragraph "98" of the Third Amended Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the named Plaintiffs are ready, willing and able to be a member of the Sanitation Police.

99. Denies the allegations set forth in paragraph "99" of the Third Amended Complaint.

100.    Denies the allegations set forth in paragraph "100" of the Third Amended Complaint.

101.    Denies the allegations set forth in paragraph "101" of the Third Amended Complaint.

102.    Denies the allegations set forth in paragraph "102" of the Third Amended Complaint.

103.    Denies the allegations set forth in paragraph "103" of the Third Amended Complaint.

104.    Denies the allegations set forth in paragraph "104" of the Third Amended Complaint.

105.    Denies the allegations set forth in paragraph "105" of the Third Amended Complaint.

106.    Denies the allegations set forth in paragraph "106" of the Third Amended Complaint.

107.    Denies the allegations set forth in paragraph "107" of the Third Amended Complaint.

108.    Denies the allegations set forth in paragraph "108" of the Third Amended Complaint.

109.    Denies the allegations set forth in paragraph "109" of the Third Amended Complaint.

110.    Denies the allegations set forth in paragraph "110" of the Third Amended Complaint.

111.    Denies the allegations set forth in paragraph "111" of the Third Amended Complaint.

112.    Denies the allegations set forth in paragraph "112" of the Third Amended Complaint.

113.    Denies the allegations set forth in paragraph "113" of the Third Amended Complaint.

114.    Denies the allegations set forth in paragraph "114" of the Third Amended Complaint except admits that the City of New York uses uniform and civilian pattern bargaining during the collective bargaining process with various unions who represent employees of the City of New York.

115.    Denies the allegations set forth in paragraph "115" of the Third Amended Complaint except admits that the name of the union representing the SEAs and ASEAs is  the Law Enforcement Employees Benevolent Association and the name of the union representing Sanitation Police Officers is the Uniformed Sanitationmen's Association, Local 831, affiliated with the  International Brotherhood of Teamsters.

116.    Denies the allegations set forth in paragraph "116" of the Third Amended Complaint.

117.    Denies the allegations set forth in paragraph "117" of the Third Amended Complaint.

118.    Denies the allegations set forth in paragraph "118" of the Third Amended Complaint except admits that the City has several agencies with access to information about the pay of employees in each title at each agency.

119.    Denies the allegations set forth in paragraph "119" of the Third Amended Complaint.

120.    Denies the allegations set forth in paragraph "120" of the Third Amended Complaint.

121.    Denies the allegations set forth in paragraph "121" of the Third Amended Complaint.

122.    In response to paragraph "122" of Third Amended Complaint Defendant repeats and realleges its responses to paragraphs "1" through "121" of the Third Amended Complaint, as if fully set forth here.

123.    Denies the allegations set forth in paragraph "123" of the Third Amended Complaint except admits that Plaintiffs purport to proceed as set forth therein.

124.    Denies the allegations set forth in paragraph "124" of the Third Amended Complaint except admits that Plaintiffs purport to proceed as set forth therein.

125.    Denies the allegations set forth in paragraph "125" of the Third Amended Complaint except admits that Plaintiffs purport to proceed as set forth therein.

126.    Denies the allegations set forth in paragraph "126" of the Third Amended Complaint except admits that Plaintiffs purport to proceed as set forth therein.

127.    Denies the allegations set forth in paragraph "127" of the Third Amended Complaint except admits that Plaintiffs purport to proceed as set forth therein.

128.    Denies the allegations set forth in paragraph "128" of the Third Amended Complaint except admits that Plaintiffs purport to proceed as set forth therein.

129.    Denies the allegations set forth in paragraph "129" of the Third Amended Complaint except admits that Plaintiffs purport to proceed as set forth therein.

130.    Denies the allegations set forth in paragraph "130" of the Third Amended Complaint except admits that Plaintiffs purport to proceed as set forth therein.

131.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Third Amended Complaint.

132.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Third Amended Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Third Amended Complaint.

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Third Amended Complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Third Amended Complaint.

136.    Denies the allegations set forth in paragraph "136" of the Third Amended Complaint except admits that Plaintiffs purport to proceed as set forth therein.

137.    In response to paragraph "137" of Third Amended Complaint Defendant repeats and realleges its responses to paragraphs "1" through "136" of the Third Amended Complaint, as if fully set forth here.

138.    Denies the allegations set forth in paragraph "138" of the Third Amended Complaint except admits that Plaintiffs purport to proceed as set forth therein.

139.    Denies the allegations set forth in paragraph "139" of the Third Amended Complaint.

140.    Denies the allegations set forth in paragraph "140" of the Third Amended Complaint except admits that Plaintiffs purport to proceed as set forth therein.

141.    Denies the allegations set forth in paragraph "141" of the Third Amended Complaint.

142.    Denies the allegations set forth in paragraph "142" of the Third Amended Complaint.

143.    In response to paragraph "143" of Third Amended Complaint Defendant repeats and realleges its responses to paragraphs "1" through "142" of the Third Amended Complaint, as if fully set forth here.

144.    Denies the allegations set forth in paragraph "144" of the Third Amended Complaint except admits that the City employs DSNY SEAs, ASEAs, and Sanitation Workers.

145.    Denies the allegations set forth in paragraph "145" of the Third Amended Complaint.

146.    Denies the allegations set forth in paragraph "146" of the Third Amended Complaint.

147.    Denies the allegations set forth in paragraph "147" of the Third Amended Complaint.

148.    Denies the allegations set forth in paragraph "148" of the Third Amended Complaint.

149.    Denies the allegations set forth in paragraph "149" of the Third Amended Complaint.

150.    In response to paragraph "150" of Third Amended Complaint Defendant repeats and realleges its responses to paragraphs "1" through "149" of the Third Amended Complaint, as if fully set forth here.

151.    Denies the allegations set forth in paragraph "151" of the Third Amended Complaint.

152.    Denies the allegations set forth in paragraph "152" of the Third Amended Complaint.

153.    The allegations set forth in paragraph "153" of the Third Amended Complaint assert a conclusion of law for which no response is required, to the extent a response is required Defendant denies the allegations.

154.    Denies the allegations set forth in paragraph "154" of the Third Amended Complaint.

155.    Denies the allegations set forth in paragraph "155" of the Third Amended Complaint.

156.    In response to paragraph "156" of Third Amended Complaint Defendant repeats and realleges its responses to paragraphs "1" through "155" of the Third Amended Complaint, as if fully set forth here.

157.    Denies the allegations set forth in paragraph "157" of the Third Amended Complaint.

158.    Denies the allegations set forth in paragraph "158" of the Third Amended Complaint.

159.    Denies the allegations set forth in paragraph "159" of the Third Amended Complaint.

160.    Denies the allegations set forth in paragraph "160" of the Third Amended Complaint.

161.    In response to paragraph "161" of Third Amended Complaint Defendant repeats and realleges its responses to paragraphs "1" through "160" of the Third Amended Complaint, as if fully set forth here.

162.    Denies the allegations set forth in paragraph "162" of the Third Amended Complaint.

163.    Denies the allegations set forth in paragraph "163" of the Third Amended Complaint.

164.    Denies the allegations set forth in paragraph "164" of the Third Amended Complaint.

165.    Denies the allegations set forth in paragraph "165" of the Third Amended Complaint.

166.    Denies the allegations set forth in paragraph "166" of the Third Amended Complaint.

167.    Denies the allegations set forth in paragraph "167" of the Third Amended Complaint.

168.    Denies the allegations set forth in paragraph "168" of the Third Amended Complaint.

169.    In response to paragraph "169" of Third Amended Complaint Defendant repeats and realleges its responses to paragraphs "1" through "168" of the Third Amended Complaint, as if fully set forth here.

170.    Denies the allegations set forth in paragraph "170" of the Third Amended Complaint except admits that Sanitation Police Officers are selected from among employees who hold the civil service title of Sanitation Worker, and that the City has exercised its authority to designate Sanitation Workers as peace officers and provided them with training as required by such designation.

171.    Denies the allegations set forth in paragraph "171" of the Third Amended Complaint.

172.    Denies the allegations set forth in paragraph "172" of the Third Amended Complaint.

173.    Denies the allegations set forth in paragraph "173" of the Third Amended Complaint.

174.    Denies the allegations set forth in paragraph "174" of the Third Amended Complaint.

175.    In response to paragraph "175" of Third Amended Complaint Defendant repeats and realleges its responses to paragraphs "1" through "174" of the Third Amended Complaint, as if fully set forth here.

176.    Denies the allegations set forth in paragraph "176" of the Third Amended Complaint  except admits that Sanitation Police Officers are selected from among employees who hold the civil service title of Sanitation Worker, and that the City has exercised its authority to

designate Sanitation Workers as peace officers and provided them with training as required by such designation.

177.    Denies the allegations set forth in paragraph "177" of the Third Amended Complaint.

178.    Denies the allegations set forth in paragraph "178" of the Third Amended Complaint.

179.    Denies the allegations set forth in paragraph "179" of the Third Amended Complaint.

180.    Denies the allegations set forth in paragraph "180" of the Third Amended Complaint.

181.    The allegations in set forth in paragraph "181" of the Third Amended Complaint assert a conclusion of law for which no response is required, to the extent a response is required Defendant denies the allegations.

182.    Denies the allegations set forth in paragraph "182" of the Third Amended Complaint.

## AS AND FOR A FIRST DEFENSE:

183.    The Third Amended Complaint fails to state any claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE:

184.    Defendant has not adopted any policy, practice or custom that violates Plaintiffs' rights under Title VII, New York State Human Rights Law,  New York City Human Rights Law, or Equal Pay Act of 1963.

## AS AND FOR A THIRD DEFENSE:

At all times relevant to the acts alleged in the Complaint, Defendant's actions were reasonable, proper, lawful, constitutional, made in good faith for non-discriminatory, legitimate, business reasons, and without malice and/or without willful intent to violate any applicable law, rule, or regulation.

## AS AND FOR A FOURTH DEFENSE:

185.    Defendant has not willfully violated any of the Plaintiffs' rights under Title VII, New York State Human Rights Law, New York City Human Rights Law, or Equal Pay Act of 1963.

## AS AND FOR A FIFTH DEFENSE:

186.    The Complaint may be barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A SIXTH  DEFENSE:

187.    The Complaint may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A SEVENTH  DEFENSE:

188.    Plaintiffs have waived some or all of the claims asserted in the Complaint by virtue of the collective bargaining agreements that govern the terms and conditions of employment.

## AS AND FOR AN EIGHTH  DEFENSE:

189.    Defendant has not violated any rights, privileges or immunities of the Plaintiffs under the Constitution of laws of the United States, the State of New York, or any political subdivision thereof.

## CONCLUSION

**WHEREFORE,** Defendant respectfully requests that the Third Amended Complaint be dismissed in its entirety, that the Court enter judgment for Defendant, and that Defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           May 12, 2025

                  **MURIEL GOODE-TRUFANT**
                  Corporation Counsel of the
                    City of New York
                  Attorney for Defendant
                  100 Church Street, Room 2-188
                  New York, N.Y. 10007-2601
                  (212) 356-4076

                  By: _/s/ Shemori S. Corinthian_
                      Shemori S. Corinthian
                      Assistant Corporation Counsel

To:     Seelig Law Offices, LLC
        Philip H. Seelig, Esq.
        Matthew J. Porcaro, Esq.
        299 Broadway, Suite 1600
        New York, New York 10007
        (212) 766-0600
        matt@pseeliglaw.com
        phil@pseeliglaw.com

        Moser Law Firm P.C
        Steven Moser, Esq.
        5 East Main Street
        Huntington, NY 11743
        (516) 671-1150
        steven.moser@moserlawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMEKA DOWDY, JEFFREY HUNTER, SEAN MILAN,
JOEL PURSER, SANDRA CASTRO, CECELIA ROJAS,
KEVON CHISHOLM, RICHARD ORTEGA, MARISOL
CONCEPCION, ROBERT TABON, RASHEEN ODOM,
CARMELITA GORDON-FLEETWOOD, and RAYMOND
PACHECO, On behalf of themselves and all others similarly
situated,

Plaintiffs,

-against-

THE CITY OF NEW YORK,

Defendant.

## ANSWER TO THIRD AMENDED COMPLAINT

*MURIEL GOODE-TRUFANT*
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, Room 2-188
New York, New York 10007-2601

Of Counsel: Shemori S. Corinthian
Tel.: (212) 356-4076
Matter No.: 2022-044833

*Service of which is hereby acknowledged:*

..........................................., N.Y.  Dated: ...........................................

Signed: ...............................................................................................

Print Name: .......................................................................................

Attorney for: ......................................................................................