**SEELIG LAW OFFICES, LLC**

ATTORNEYS AT LAW
299 BROADWAY – SUITE 1600
NEW YORK, NEW YORK 10007
TEL: (212) 766-0600
FAX: (212) 766-2616

PHILIP H. SEELIG
RICHARD B. SEELIG *
JOSHUA S. GOHARI **

* MEMBER NY & CT BAR
** MEMBER NY & NJ BAR
*** MEMBER NY & MA BAR

ASSOCIATE ATTORNEYS
BERET L. FLOM
MATTHEW J. PORCARO***

OF COUNSEL
JEFFREY L. GOLDBERG


December 12, 2025

By ECF

Hon. Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***Dowdy et al. v. City of New York***
**22-cv-6284 (ALC) (SDA)**

Dear Judge Aaron:

Pursuant to the Court's Amended Case Management Plan (CMP) (ECF Doc. No. 199), the Parties respectfully submit this joint status letter as ordered before December 12, 2025.

Non-ESI Production Issues

In requesting the extension to the CMP, we jointly wrote on October 9, 2025 (ECF Doc. No. 198) that while some progress has been made in exchanging documents such as over 1,800 pages produced by the City and 4,500 pages produced by Plaintiffs, additional time was needed to complete document production, including the ESI searches and the negotiation over search terms.

Since then, Plaintiffs have made a supplemental production with additional documents. The City has not produced any additional documents, except for the native version of electronic data that had originally been produced as PDFs. The City has informed Plaintiffs that it has substantially complied with its obligations to produce documents responsive to their First and Second Requests for Production. Plaintiffs disagree. The City still has not, for example, provided HR and payroll data for any of the proposed class members or their comparators. In addition, Plaintiffs have previously identified several requests for which they contend that the City has additional responsive documents or data, and on December 11 Plaintiffs sent a letter to the City identifying numerous requests for which they contend that the City's production has been incomplete and pointed to specific documents to buttress their contentions. The City will review this letter and provide an appropriate response.

The Parties also have not reached an agreement on the ESI search terms.

On October 17, 2025, the attorneys had a conference call in an attempt to resolve this without court intervention, conferring and agreeing to 16 custodians and proposed search terms for an initial hit report to be run on four of those custodians.

Defendant's Position on the Current Status of ESI

On December 1, 2025, the City provided the initial hit report for the first 4 of 16 custodians. In explaining the results of the hit-search report, the City advised Plaintiffs of its concerns with proceeding under the current ESI search parameters. The initial hit report returned more than 200,000 documents, not including attachments, totaling approximately 385 GB of data. This volume reflects that the search terms, as drafted, are overly broad and not sufficiently tailored to identify documents relevant to Plaintiffs' requests for production. Many of the terms, including generic racial descriptors and the titles of the positions at issue, would appear countless times in the day-to-day documents and communications at the New York City Department of Sanitation in ways wholly unrelated to the subject matter of this action, making it unlikely that the resulting hits would meaningfully advance the issues in dispute. If applied to the remaining 12 custodians, the same parameters would almost certainly generate several hundred thousand more hits. At that scale, a review of this nature would make it impossible for the parties to complete discovery within the current schedule and, most critically, would not yield relevant, discoverable material proportional to the needs of the case. On December 9, 2025, in order to address the issue, the City advised that the parties might consider revising the Boolean search connectors or reducing the total number of custodians. The City remains willing to meet and confer to narrow both the search terms and the custodian list so that any ESI review is appropriately targeted, manageable, and proportional. Plaintiffs, however, have only agreed to marginal adjustments to the proposed parameters, leaving most generic terms like job titles in place. These changes are unlikely to resolve the underlying proportionality concerns and review burden.

Plaintiffs' Position on the Current Status of ESI

On December 3, 2025, two days after the initial hit report, Plaintiffs revised the search terms and provided a narrower list to the City, also noting that it is difficult to refine the search strings without any input from the City as to what is causing the large return of documents, and without any custodian-by-custodian breakdown.

On December 9, 2025, the City responded by email stating that Plaintiffs must "substantially" narrow the revised search parameters, without providing any indication as to whether they ran a second hit report based upon the narrowed terms already provided on December 3. Further, the City suggested that Plaintiffs could reduce the number of custodians as well, even though Plaintiffs still have no hit reports from 12 of them, and no custodian-by-custodian breakdown of the initial 4, to assess where the problem may lie. The City characterizes the revisions to the searches as "marginal" but, unless it has run the new proposed terms and refused to provide Plaintiffs with the results, has no way of knowing the number of documents they will yield.

The City's demand for substantial revisions after just an initial attempt to develop search terms is contrary to standard ESI discovery procedures. *See United States for Use & Benefit of M. Frank Higgins & Co. v. Dobco Inc*., No. 22-CV-9599 (CS) (VR), 2023 WL 5302371, at *5 (S.D.N.Y. Aug. 17, 2023) ("It is standard practice for the negotiation of search protocols [for ESI] to be an iterative process that allows parties to narrowly tailor search terms, custodians, and date ranges to

locate responsive and non-privileged documents for production.”). Plaintiffs disagree that they have the obligation to “substantially” narrow and limit proposed search terms and custodians, without any access to hit reports, without a custodian-by-custodian breakdown, or any real knowledge of the responsive documents. The City would have Plaintiffs play a game of “blind man’s bluff” after providing a single hit report. The federal rules do not contemplate such a process.

The Parties do not believe depositions can be conducted efficiently until significant progress is made on the production of relevant emails and other documents.

Plaintiffs also believe that the City’s interrogatory responses are deficient in several ways but that issue is less critical to the start of depositions.

The Parties have agreed to meet and confer again on discovery issues. We hope that the meeting will occur soon and be productive. We anticipate providing an update to the Court.

Thank you for the Court’s attention to this status update.

Respectfully submitted,

Philip H. Seelig, Esq.
Matthew J. Porcaro, Esq. (MP5594)
Attorneys for Plaintiffs

By: *_/s/ Matthew J. Porcaro_*
Seelig Law Offices, LLC
299 Broadway, Suite 1600
New York, NY 10007
Matt@pseeliglaw.com
212-766-0600

cc: Shemori Corinthian, Esq., NYC Law Department, Attorneys for Defendant
Steven Moser, Esq., Moser Law Firm, Co-Counsel for Plaintiffs
Michael Lieder, Esq., Mehri & Skalet PLLC, Co-Counsel for Plaintiffs