THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**Robyn L. Rothman**
Division of Labor and Employment
(212)-356-2450
rrothman@law.nyc.gov

March 10, 2026

**VIA ECF**
Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Dowdy, et al. v. City of New York
No. 22-CV-6284 (ALC) (SDA)

Dear Judge Aaron:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, representing Defendant in the above-referenced action. I write jointly, on behalf of the parties, pursuant to the Court's February 19, 2026, order (ECF Dkt. 210) directing the parties to file two submissions should the parties be unable to resolve the outstanding discovery disputes: (1) a joint letter with a side-by-side comparison of the Plaintiffs' requests and the City's corresponding offers so that the Court may resolve the disputes and (2) a letter by Defendant asserting its objections should the parties be unable to resolve Plaintiffs' demand for a FRCP 30(b)(6) witness.

On March 9, 2026, the parties met and conferred in a good faith effort to resolve issues pertaining to proposed search strings for the Electronically Stored Information ("ESI") discovery and Plaintiffs' Fed. R. Civ. P. 30(b)(6) notice served upon Defendant on February 24, 2026 requesting witness testimony as to the City's document search and retrieval efforts for responding to Plaintiffs' First and Second Requests for Production dated June 23, 2025 and September 12, 2025, respectively.

***The Parties' Good Faith Efforts to Resolve the ESI Search String Proposals***

On February 19, 2026, all parties appeared for a telephone conference with this Court to discuss certain outstanding discovery disputes. At that conference, the parties represented that of eleven (11) search strings proposed, approximately seven (7) remained in dispute. However, the parties clarified that they believed that upon further good faith discussions, those disputes could

be resolved without court intervention. During the March 9th meet and confer, the parties were able to come to a full resolution of all disputes surrounding the eleven (11) proposed search strings. Thus, at this juncture, the parties have fully resolved all outstanding disputes concerning the ESI search strings. Defendant is now prepared to collect ESI from the agreed-upon custodians and run the eleven (11) stipulated search terms utilizing Relativity, pursuant to the Court's Order dated February 19, 2026.

***The Parties' Good Faith Efforts to Resolve Plaintiffs' FRCP 30(b)(6) Notice Dated February 24, 2026***

The parties further conferred regarding Plaintiffs' FRCP 30(b)(6) Notice seeking witness testimony pertaining to the City's non-ESI document searches and retrievals following Defendant's responses to Plaintiffs' First and Second Request for Production dated June 23, 2025 and September 12, 2025, respectively. Plaintiffs assert that a FRCP 30(b)(6) witness is necessary to ascertain whether certain documents they believe are responsive to their requests were either searched for, in existence, or currently in the custody and control certain of Defendant's agencies. Plaintiffs' further assert that the necessity of a FRCP 30(b)(6) witness is warranted because of certain alleged deficiencies in the Defendant's responses. Lastly, Plaintiffs assert that the service of a FRCP 30(b)(6) notice follows suggestions made by this Court at a prior conference.

Upon receipt and review of Plaintiffs' FRCP 30(b)(6) notice, Defendant intended to serve objections to all 21 categories set forth therein on the basis that, among other things, witness testimony would be duplicative and unnecessary if Defendant either performed further searches of documents based upon the further explanations provided in the 30(b)(6) notice and produced those not subject to privilege, and/or provided affidavits detailing the search efforts and the non-existence of certain documents demanded by Plaintiffs.

At the March 9th meet and confer, Defendant stated its intention to object to Plaintiffs' FRCP 30(b)(6) notice on the above referenced basis. Defendant then offered to resolve Plaintiffs' FRCP 30(b)(6) notice by offering to conduct targeted searches using the additional explanations and citations to earlier productions offered within the notice and begin rolling productions of any further non-privileged documents found or provide Plaintiffs' with affidavits confirming the searches performed and whether the documents requested for production by Plaintiffs existed, or were no longer in the custody and control of Defendant and its agencies, as was also suggested by Defendant at the February 19, 2026 conference.

Thereafter, Plaintiffs agreed to hold any 30(b)(6) deposition in abeyance to permit Defendant to conduct further targeted searches and provide a rolling production of any non-privileged documents or affidavits confirming the non-existence of certain documents. Plaintiffs have further agreed that to the extent that the productions and/or affidavits resolve any outstanding requests, it would not require any deposition testimony. However, at this juncture, Plaintiffs do not agree to waive or withdraw their 30(b)(6) notice. Defendant further reserve its right to file objections to any category that has not been resolved following further productions by Defendants.

Following the parties' good faith efforts at resolving Plaintiffs' FRCP 30(b)(6) notice and the progress made towards avoiding the necessity of depositions, the parties now jointly request that this Court hold the current deadlines regarding Defendant's filing of its objections,

and Plaintiffs' responses to thereto, in abeyance. The parties agree to provide this Court with a status update in 30 days, or such other time as the Court deems appropriate, during such time Defendant will begin a diligent search for remaining documents requested and will begin productions on a rolling basis.

Respectfully submitted,

*/s/ Robyn L. Rothman*
Robyn L. Rothman
Assistant Corporation Counsel

cc: All counsel (VIA ECF)