**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Robyn L. Rothman**
Division of Labor and Employment
(212)-356-2450
rrothman@law.nyc.gov

April 10, 2026

**<u>VIA ECF</u>**
Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Dowdy, et al. v. City of New York</u>
1:22-cv-06284 (ALC) (SDA)

Dear Judge Aaron:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, representing Defendant in the above-referenced action. I write on behalf of the parties to provide an update to the court on the status of (1) the Defendant's further searches in response to Plaintiffs' Fed. R. Civ. P. 30(b)(6) notice and pursuant to the March 10, 2026 Joint Status Letter filed with this Court under Docket No. 215; and (2) ESI discovery.

***The City's Efforts in Locating Further Responsive Documents***

Following the submission of the March 10th Joint Status Letter, Defendant immediately began engaging with all agencies implicated by Plaintiff's 30(b)(6) Notice to obtain any further non-privileged documents responsive to Plaintiff's previous demands as explained in the 30(b)(6) notice. Defendants engaged with the NYC Department of Citywide Administrative Services ("DCAS") for information that would reflect demographic and employment history of all current and former employees under the civil service titles implicated in this litigation (i.e., Associate Sanitation Enforcement Agent, Sanitation Enforcement Agent, and Sanitation Workers detailed as Sanitation Police Officers). Defendant also engaged with the NYC Financial Information Services Administration of the Office of Payroll Administration ("FISA-OPA") for data concerning the payroll histories of all current and former employees under the aforementioned

civil service titles during the relevant period (2008-present). Defendants have also engaged with the NYC Office of Labor Relations ("OLR") to obtain information and further documents responsive to items #3, 11, and 12 of the 30(b)(6) notice. Finally, Defendants have been engaged with NYC Department of Sanitation ("DSNY") for further documents responsive to the remainder of the 30(b)(6) notice.

Specifically, as it pertains to DSNY, Defendant's counsel has personally engaged with our client-liaison to review and discuss each item listed in the 30(b)(6) notice, obtain names of potential witnesses, seek clarity and guidance on DSNY's search efforts for possible documents that could be responsive to Plaintiffs' 30(b)(6) notice, and determine the necessity of declarations for any items in which a search has been conducted which yielded negative search results. Throughout this time, Defendant's counsel has engaged with the client-liaison on a weekly basis to discuss the further searches and production of documents.. Defendant's counsel is also scheduled to meet with several other DSNY employees next week with knowledge of recordkeeping practices and policy enactments in its effort to conduct a reasonable and exhaustive search for records responsive to Plaintiffs' request.

Because this litigation primarily implicates DSNY and its records, the search requires coordination across several divisions and offices of DSNY, *i.e.,* Enforcement, Human Capital, FIAT, Equal Employment, among others, requesting that a series of employees from each division to conduct searches of individual files and shared and local networks—which is being asked of them in addition to each employee's daily tasks and duties.

At present, Defendant is in possession of several documents which represent the start of its rolling productions. Defendant is preparing to provide Plaintiffs with the following documents through Defendant's ESI platform pursuant to the ESI protocol order in place:

1. Raw data Excel spreadsheet for demographic data of Sanitation Police Officers ("SPO") from September 2008 through 2017 supplementing data that was previously produced which is responsive to Item #1 of the 30(b)(6) notice.

2. Listing of names of SPO appointments from Feb 2013 to Sept 2025 which is responsive of Item #1 of the 30(b)(6) notice.

3. Civilian and Uniformed Pattern Increase Data from 1978 to present which is responsive to Item # 3 of the 30(b)(6) notice.

4. Bill Jacket for Chapter 931 of the Laws of 1990 containing a memorandum letter in support of the bill to amend the CPL to include SPOs in the definition of "Peace Officer" from the Office of the Mayor which is responsive to Item #4 of the 30(b)(6) notice.

5. Documents concerning the results and prosecution of FIAT investigations which is responsive to Item #21 of the 30(b)(6) notice.

6. Raw data Excel spreadsheets of payroll data for SEAs and ASEAs (Title Codes 71681 and 71682) from NYC Financial Information Services Administration of

the Office of Payroll Administration (FISA-OPA) which is relevant to the prosecution and defenses in this litigation.

In addition to the above, Defendant's counsel anticipates receiving the benefits costing sheets and all remaining collective bargaining agreements for the relevant period, which is responsive to Items #12 and #14 , respectively, of the 30(b)(6) notice. Defendant's counsel is aware that DSNY is continuing to conduct reasonable searches for further responsive documents to the remaining items in the 30(b)(6) notice and, to the extent certain requested documents do not exist, will be preparing declarations to that effect. Earlier today, Defendant's counsel obtained further documents from DSNY that are currently under review prior to production.

On Wednesday, April 8, 2026, Defendant's counsel provided the above referenced listing of documents currently within its possession to Plaintiffs' counsel in good faith to inform them of what is to be produced in the first round of productions. Defendant's counsel also informed Plaintiffs' counsel that its ESI searches have yielded approximately 24,000 emails and associated documents. At this time, the City has begun its review of these emails and will produce non-privileged, responsive ESI on a rolling basis following that review.

In light of Defendant's above-listed efforts to resolve outstanding ESI and non-ESI discovery and its progress towards resolving Plaintiffs' FRCP 30(b)(6) notice, the parties jointly request that this Court continue to hold the current deadlines regarding Defendants' filing of its objections, and Plaintiffs' responses thereto, in abeyance. The parties propose to provide this Court with a status update again in 30 days. During this time, the City will continue to undertake a diligent search for the remaining documents requested, and provide productions on a rolling basis.

Respectfully submitted,

*/s/ Robyn L. Rothman*
Robyn L. Rothman
Assistant Corporation Counsel

cc: All counsel (VIA ECF)