**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Robyn L. Rothman**
Division of Labor and Employment
(212)-356-2450
rrothman@law.nyc.gov

May 11, 2026

**VIA ECF**
Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Dowdy, et al. v. City of New York
1:22-cv-06284 (ALC) (SDA)

Dear Judge Aaron:

We represent Defendant in the above-referenced action. I write on behalf of the parties to update the Court on the status of Defendant's (1) further searches in response to Plaintiffs' Fed. R. Civ. P. 30(b)(6) notice and pursuant to the April 10, 2026 Joint Status Letter filed with this Court under Docket No. 217; (2) production of payroll data; and (3) ESI discovery.

Following the submission of the April 10th Joint Status Letter, Defendant contends that it has undertaken diligent and reasonable efforts to comply with its discovery obligations in responding to all outstanding discovery, as highlighted by Plaintiff's 30(b)(6) notice as referenced in its April 10, 2026 Joint Letter. See ECF No. 217. Counsel has continued to engage with City stakeholders implicated by Plaintiffs' 30(b)(6) Notice to obtain further non-privileged documents responsive to document demands incorporated within the 30(b)(6) notice. See ECF No. 217. Specifically, Defendant's counsel continues to meet and confer with representatives of the New York City Department of Sanitation ("DSNY"), New York City Office of Labor Relations ("OLR"), and the New York City Department of Citywide Administrative Services ("DCAS") regarding items listed within Plaintiffs' 30(b)(6) Notice. Counsel has obtained names of potential custodians, sought clarity and guidance on DSNY's search efforts for possible documents that could be responsive to Plaintiffs' 30(b)(6) notice, and determined the necessity of declarations for any items in which a search has been conducted which yielded negative search results.

At present, Defendant has now served Plaintiffs with the six categories of responsive documents outlined in its April 10, 2026 letter totaling 22 documents. See ECF 217, Pg. 2. And on May 4, 2026, counsel for Plaintiffs and Defendant engaged in a meet and confer to discuss the Defendant's continued efforts in searching for and obtaining discovery responsive to Plaintiffs' 30(b)(6) notice.

In addition, Defendants have obtained raw data Excel spreadsheets of payroll data for the Sanitation Worker (Title Codes) from NYC Financial Information Services Administration of the Office of Payroll Administration (FISA-OPA) for the period of 2008 to present. Defendants are currently in the process of cross-referencing all available Sanitation Worker employees who have been assigned to the detail of Sanitation Police Officer during that period and pulling all relevant data which will subsequently be produced to Plaintiffs upon completion. Defendant has also obtained all relevant collective bargaining agreements from 2008-present implicated in this litigation, which includes collective bargaining agreements covering Uniformed Sanitation Chiefs Association, Sanitation Officers Association and Uniformed Sanitationman's Association. These documents are currently being prepared for production under the current ESI protocols. Defendant also anticipates obtaining further documents from OLR that reflect documents implicated by Item #12 of Plaintiffs' 30(b)(6). Those documents are currently being prepared by OLR and will be served on Plaintiffs upon Defendant's counsel's receipt of same.

Finally, as of this week, Defendant's counsel completed an initial review of a randomized sample consisting of 400 ESI documents obtained from the initial ESI collection pursuant to the agreed-upon search strings. Based on that review, Defendant's counsel and its E-Discovery Division are evaluating potential review workflows, including the possible use of technology-assisted review ("TAR"), for the remaining ESI population. Defendant's counsel will continue reviewing responsive ESI and will produce non-privileged ESI on a rolling basis.

Plaintiffs reserve judgment on the effectiveness of Defendant's efforts but appreciate that progress is reportedly being made on all three categories of document production requests.

In light of Defendant's above-listed efforts to resolve outstanding ESI and non-ESI discovery and its progress towards resolving Plaintiffs' FRCP 30(b)(6) notice, the parties jointly request that this Court continue to hold the current deadlines regarding Defendants' filing of its objections, and Plaintiffs' responses thereto, in abeyance. The parties propose to provide this Court with a status update again in 30 days, during such time the City will continue to undertake a diligent search for remaining documents requested and provide productions on a rolling basis.

Respectfully submitted,

*/s/ Robyn L. Rothman*
Robyn L. Rothman
Assistant Corporation Counsel

cc: All counsel (VIA ECF)