**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Robyn L. Rothman**
Division of Labor and Employment
(212)-356-2450
rrothman@law.nyc.gov

June 11, 2026

**VIA ECF**
Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Dowdy, et al. v. City of New York
1:22-cv-06284 (ALC) (SDA)

Dear Judge Aaron:

We represent Defendant in the above-referenced action. I write on behalf of the parties to update the Court on the status of Defendant's (1) further searches in response to Plaintiffs' Fed. R. Civ. P. 30(b)(6) notice and pursuant to the May 11, 2026 Joint Status Letter filed with this Court under Docket No. 219; (2) production of payroll data; and (3) ESI discovery.

Following the submission of the May 11th Joint Status Letter, Defendant contends that it has continued to undertake diligent and reasonable efforts to comply with its discovery obligations in responding to all outstanding discovery, as highlighted by Plaintiff's 30(b)(6) notice as referenced in its May 10, 2026 Joint Letter. See ECF No. 219. Counsel has continued to engage with City stakeholders implicated by Plaintiffs' 30(b)(6) Notice to obtain further non-privileged documents responsive to document demands incorporated within the 30(b)(6) notice. See ECF No. 217. Specifically, Defendant's counsel continues to meet and confer with representatives of the New York City Department of Sanitation ("DSNY"), New York City Office of Labor Relations ("OLR"), and the New York City Department of Citywide Administrative Services ("DCAS") regarding items listed within Plaintiffs' 30(b)(6) Notice. Counsel has obtained names of potential custodians, sought clarity and guidance on DSNY's search efforts for possible documents that could be responsive to Plaintiffs' 30(b)(6) notice, and determined the necessity of declarations for any items in which a search has been conducted which yielded negative search results.

At present, Defendant is currently in the process of serving Plaintiffs with raw data Excel spreadsheets of payroll data for all Sanitation Workers from NYC Financial Information Services Administration of the Office of Payroll Administration (FISA-OPA) for the period of 2008 to present. Defendants have cross-referenced all available Sanitation Worker employees who have been assigned to the detail of Sanitation Police Officer during that period and developed an electronic list of all employees assigned to the Sanitation Police Officer detail during the relevant period ("SPO List"). Initially, Defendant and Plaintiffs agreed that Defendant would produce only raw data pertaining to employees in the Sanitation Worker title code who had been assigned to the Sanitation Police Officer detail during the relevant period. However, due to the oversized nature of the raw data files, the parties determined that it was more efficient to produce all the raw data Excel spreadsheets of payroll data for the Sanitation Worker in addition to the SPO List so that Plaintiffs' expert could filter out the Sanitation Police Officer data. Those spreadsheets are now being prepared through the Relativity platform for production within the week.

Lastly, Defendant's counsel and its E-Discovery Division have conducted an evaluation of the potential review workflows for the ESI population. Defendant's counsel has determined that, due to the high responsive rate from the initial prevalence review, a technology-assisted review would likely be inefficient and unlikely to reduce the amount of review time. Thus, Defendant's counsel has created a group of five attorneys (including the undersigned) to undertake a review of the approximately 23,299 ESI documents collected and will produce non-privileged ESI on a rolling basis.

Plaintiffs are frustrated that they have seen so few documents[1] from Defendant almost a year after serving the initial set of document production requests but appreciate that progress is reportedly being made on all three categories of document production requests. Plaintiffs reserve judgment on the effectiveness of Defendant's efforts.

In light of Defendant's above-listed efforts to resolve outstanding ESI and non-ESI discovery and its progress towards resolving Plaintiffs' FRCP 30(b)(6) notice, the parties jointly request that this Court continue to hold the current deadlines regarding Defendants' filing of its objections, and Plaintiffs' responses thereto, in abeyance. The parties propose to provide this Court with a status update again in 30 days, during such time the City will continue to undertake a diligent search for remaining documents requested and provide productions on a rolling basis.

Respectfully submitted,

*/s/ Robyn L. Rothman*
Robyn L. Rothman
Assistant Corporation Counsel

cc: All counsel (VIA ECF)

---

[1] Defendant maintains that it has served Plaintiffs with approximately 7249 bates-stamped pages of discovery in response to Plaintiffs' demands with more responsive discovery forthcoming.