**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Robyn L. Rothman**
Labor and Employment Law Division
(212)-356-2450
rrothman@law.nyc.gov

August 19, 2026

**VIA ECF**
Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Dowdy, et al. v. City of New York
1:22-cv-06284 (ALC) (SDA)

Dear Judge Aaron:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, attorney for Defendant the City of New York in the above-referenced action. I submit this letter to update the Court on the status of Defendant's: (1) further searches in response to Plaintiffs' Fed. R. Civ. P. 30(b)(6) notice and pursuant to the July 13, 2026 Joint Status Letter filed with this Court under Docket No. 223; (2) ESI discovery; and (3) the parties' respective positions on the course of discovery.

**Defendant's Position:**

Following the submission of the July 13th Joint Status Letter, Defendant has continued to undertake diligent and reasonable efforts to comply with its discovery obligations in responding to all outstanding discovery. Counsel has continued to engage with City stakeholders implicated by Plaintiffs' 30(b)(6) Notice to obtain further non-privileged documents responsive to document demands incorporated within the 30(b)(6) notice. Specifically, Defendant's counsel continues to meet and confer with representatives of the New York City Department of Sanitation ("DSNY"), New York City Office of Labor Relations ("OLR"), and the New York City Department of Citywide Administrative Services ("DCAS") regarding items listed within Plaintiffs' 30(b)(6) Notice. At this juncture, Defendant has determined that declarations are necessary for at least eight of the remaining eleven outstanding 30(b)(6) items and have engaged with DSNY for preparations of those declarations. Defendant anticipates beginning production of those declarations within the next three weeks.

Additionally, Defendant has continued to undertake a review of ESI and have begun productions thereof. On August 7, 2026, Defendant served Plaintiffs with the first batch of ESI. Defendant has completed the first-round review for the second batch and the Law Department's E-Discovery Division is preparing the second batch of ESI for production within the next week. Defendant has now completed a review of just about 50% of the 23,299 ESI documents collected. Defendant anticipates completing the full ESI production within 30 days.[1]

On Monday August 17, 2026 Plaintiffs advised Defendant of a possible corruption issue with the file containing the list of Sanitation Police Officers that Defendant served upon Plaintiffs on July 13, 2026. Defendant promptly reached out to NYC Financial Information Services Agency and Office of Payroll Administration ("FISA-OPA") to investigate the issue and early this afternoon, Defendant was provided with an updated file from FISA-OPA to serve upon Plaintiffs.

Having now been served with 2,026 pages of documents responsive documents to at least nine of the 30(b)(6) items as well as over approximately 8,968 pages of documents representing approximately 1,676 ESI documents, Plaintiffs have yet to inform Defendants whether they deem any of the documents they have received to date to have satisfied any outstanding RFPs or 30(b)(6) items. Defendant respectfully requests that the Court inquire with Plaintiffs at the August 24, 2026, conference as to whether they deem any of the outstanding RFPs and/or 30(b)(6) items resolved following Defendant's service of approximately 10,994 pages of both ESI and non-ESI responsive documents.

**<u>Plaintiffs' Position:</u>**

Plaintiffs are gratified that Defendant has produced a substantial number of documents during the past few weeks. The recent productions have significantly advanced discovery.

But Plaintiffs are not in a position to assess which of the RFPs or 30(b)(6) items have been satisfied, if any, largely because Defendant has not completed any of the three types of requested documents:

(a) Plaintiffs will not be able to determine if the data production is complete until Defendant produces the replacement file from FISA-OPA mentioned above. Plaintiffs' expert hopefully then will be able to link the various data files that have been produced and help Plaintiffs assess whether anything is missing;

(b) The ESI production is, by Defendant's admission, only about half complete. Defendant has not informed Plaintiffs if the production from some of the agreed custodians is now complete or if more documents from each of them are forthcoming. Until Defendants provide that information, Plaintiffs cannot assess whether the documents from any custodian seem complete;

[1] Defendant has now reviewed approximately 11,355 of the 23,299 ESI documents collected.

(c) Defendant states that it anticipates that it will be producing in the next three weeks declarations stating that it has found no responsive documents for eight of the 30(b)(6) items. These declarations presumably will also describe the searches in which Defendant engaged to make that determination. Plaintiffs cannot possibly assess whether they are satisfied with the searches until Defendant identifies the items for which it was unable to find responsive documents and the nature of its searches. In addition, Plaintiffs will not be able to assess the completeness of production as to the items for which Defendant has produced documents until Defendant informs Plaintiffs that it does not intend to produce any other documents for those items.

Despite these reservations, Plaintiffs believe that if Defendant is able to keep to the schedule above, including production of the remaining documents responsive to the 30(b)(6) items within three weeks, declarations identifying items for which no responsive documents were found within three weeks, and the remaining ESI within 30 days, the parties may be in a position to start depositions by November. That may be true even if it is determined that Defendant must engage in limited supplemental productions. Two months ago, Plaintiffs feared that the parties would not reach the deposition stage until early 2027.

**Joint Proposal:**

In light of Defendant's above-listed efforts to resolve outstanding ESI and non-ESI discovery and its progress towards resolving Plaintiffs' FRCP 30(b)(6) notice, the parties jointly request that this Court continue to hold the current deadlines regarding Defendant's filing of its objections, and Plaintiffs' responses thereto, in abeyance. The parties propose to provide this Court with a status update again in 30 days, during such time Defendant will continue to undertake a diligent search for remaining documents requested and provide productions on a rolling basis.

Respectfully submitted,

*/s/ Robyn L. Rothman*
Robyn L. Rothman
Assistant Corporation Counsel

cc: All counsel (via ECF)