**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Robyn L. Rothman**
Labor and Employment Law Division
(212)-356-2450
rrothman@law.nyc.gov

September 28, 2026

**VIA ECF**
Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Dowdy, et al. v. City of New York
1:22-cv-06284 (ALC) (SDA)

Dear Judge Aaron:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, attorney for Defendant the City of New York in the above-referenced action. I submit this letter to update the Court on the status of Defendant's: (1) further searches in response to Plaintiffs' Fed. R. Civ. P. 30(b)(6) notice and pursuant to the August 18, 2026 Joint Status Letter filed with this Court under Docket No. 227; (2) ESI discovery; and (3) the parties' respective positions on the course of discovery.

**Defendant's Position:**

Following the submission of the August 18th Joint Status Letter, Defendant has continued to undertake diligent and reasonable efforts to comply with its discovery obligations in responding to all outstanding discovery. Counsel has continued to engage with City stakeholders implicated by Plaintiffs' 30(b)(6) Notice to obtain further non-privileged documents responsive to document demands incorporated within the 30(b)(6) notice. Specifically, Defendant's counsel continues to meet and confer with representatives of the New York City Department of Sanitation ("DSNY"), New York City Office of Labor Relations ("OLR"), and the New York City Department of Citywide Administrative Services ("DCAS") regarding items listed within Plaintiffs' 30(b)(6) Notice. However, immediately following the submission of the letter, counsel for Defendant experienced an extreme press of work requiring motion briefings and settlement conference preparations and appearances on four other federal court matters (*New Yorkers For Religious Liberties v. City of New York* 22-cv-00752 (DG)(CK); *Kane v. De Blasio*, 21-cv-7863

(NRB)(GWG); *Renta v. NYC Department of Education et al*, 25-cv-06932 (JHR)(SN); and *Karyn Blumstein-Torrella v. New York City Department of Education et al,* 19-cv-03492 (ALC)(VF)) and one state court matter (*Matter of Karyn Blumstein-Torrella v. NYC Department of Education*, N.Y. County Index 166056/2025) which delayed the Defendant's ability to provide the remaining ESI productions and declarations within the time period indicated within the letter. Further compounding the delays were the intermittent absences from the office by counsel for Defendants due to religious observances of the Jewish High Holidays during the month of September.

However, as of the submission of this letter, Defendants have now completed the first round of review of the entire ESI collection and have submitted the remaining ESI documents for quality control and production preparation. Barring any issues flagged during the quality control phase, Defendants anticipate serving Plaintiffs with the full remaining ESI production within the week.

Further Defendants will be serving Plaintiffs with two declarations from Ayana Brooks responsive to Item #6 and 17 of Plaintiffs' 30(b)(6) demand and Sean Brereton, responsive to Item #21 of Plaintiff's 30(b)(6) demand by close of business today. Defendant anticipates three more declarations from DSNY's Enforcement Division which will be responsive to Items 7, 8, 9, 16, and 19 of the 30(b)(6) demand, DSNY's Budget Office which will be responsive to Item 20 of the 30(b)(6) demand, and DSNY's Office of Equity, Diversity, and Inclusion which will be responsive to Item 13 of the 30(b)(6). During my discussions with these three divisions, counsel learned of, and came into possession of, additional documents and is undertaking a review of them for responsiveness. Upon completion of that review Defendant will serve declarations attesting to the completeness of the searches.

Finally, Plaintiffs' have advised Defendant that the data production is complete except for three missing demographic fields for both Agents and Sanitation Police Officers. Defendant has reached out to DCAS to investigate obtaining that information and will provide any data obtained forthwith.

As indicated in the August status letter, Plaintiffs stated they were hopeful to begin depositions in November a sentiment that Defendant joins.

**<u>Plaintiffs' Position:</u>**

Plaintiffs agree with Defendant's update and add the following information.

Defendant's ESI document production to date has come from four of the ten custodians whose files Defendant agreed to search. Because Defendant states that it anticipates producing the full remaining ESI production this week, Plaintiffs anticipate that it will include documents from the other six custodians.

Plaintiffs have reviewed the three declarations mentioned by Defendant concerning non-ESI discovery. Plaintiffs have very limited follow-up questions to two of them. Defendant's counsel has indicated willingness to pursue those questions. Once those responses are received, Plaintiffs will be satisfied as to the three items addressed in the declarations. Plaintiffs are confident that the same cooperation will result in the resolution of any issues

arising out of the other declarations that Defendant intends to produce. Plaintiffs also are gratified that this process has yielded additional documents that Defendant intends to produce.

Finally, as Defendant states, Plaintiffs' expert believes that, upon the supplemental production of three more fields of data, he will have all the information needed to perform the statistical analyses that Plaintiffs have asked of him. Of course, once he starts to run analyses, he may find that he needs additional data but provisionally the data production appears complete once those fields are produced.

Based on Defendant's representations about upcoming productions, Plaintiffs continue to believe that the parties will be able to start depositions in November. Of course, depositions may reveal the existence of additional relevant documents that Plaintiffs may request. But the possible existence of these documents does not preclude the start of depositions.

**Joint Proposal:**

In light of Defendant's above-listed efforts to resolve outstanding ESI and non-ESI discovery and its progress towards resolving Plaintiffs' FRCP 30(b)(6) notice, the parties jointly request that this Court continue to hold the current deadlines regarding Defendant's filing of its objections, and Plaintiffs' responses thereto, in abeyance. The parties propose to provide this Court with a status update again in 30 days, during such time Defendant will continue to provide all remaining declarations and any documents found within that time.

The parties thank the Court for its supervision of the document production process, which has contributed to the parties reaching the point at which depositions seem imminent.

Respectfully submitted,

*/s/ Robyn L. Rothman*
Robyn L. Rothman
Assistant Corporation Counsel

cc: All counsel (via ECF)